JOHN E. SHEEHY, as Sheriff of the County of New York, et al., Respondents, *v.* MADISON SQUARE GARDEN CORPORATION, Appellant.

(Argued December 5, 1934; decided December 31, 1934.)

*James K. Crimmins* and *Charles Pickett* for appellant. On the day the warrant of attachment was served there was nothing due or certain to become due from defendant. (*Herrmann & Grace* v. *City of New York*, 130 App. Div. 531; 199 N. Y. 600; *Coletti* v. *Knox Hat Co.*, 252 N. Y. 468; *Stewart* v. *Newbury*, 220 N. Y. 379; *Delaware Trust Co.* v. *Calm*, 195 N. Y. 231; *Kennelly, Inc.*, v. *Shapiro*, 222 App. Div. 488; 250 N. Y. 523; *Beecher* v. *Comradt*, 13 N. Y. 108; *Tipton* v. *Feitner*, 20 N. Y. 423; *Updike* v. *Oakland Motor Car Co.*, 229 App. Div. 632; *Grant* v. *Johnson*, 5 N. Y. 247; *Paine* v. *Brown*, 37 N. Y. 228; *Eddy* v. *Davis*, 116 N. Y. 247; *Glenn* v. *Rossler*, 156 N. Y. 161.) A levy under section 916 of the Civil Practice Act cannot be made upon a contingent right which may or may not ripen into " a cause of action arising upon contract " depending upon some future contingency. (*Herrmann & Grace* v. *City of New York*, 130 App. Div. 531; 199 N. Y. 600; *McFadden* v. *Innes*, 60 Misc. Rep. 543; 130 App. Div. 880; *Fredrick* v. *Chicago Bearing Metal Co.*, 221 App. Div. 588; *Columbia Bank* v. *Equitable Life Assur. Society*, 79 App. Div. 601; *Marks* v. *Equitable Life Assur. Society*, 109 App. Div. 675; *Excelsior Steam Power Co.* v. *Cosmopolitan Pub. Co.*, 80 Hun, 592; *Bates* v. *New Orleans, Jackson & Great Northern Co.*, 13 How. Pr. 516; *Farmers' Loan & Trust Co.* v. *Miller*, 2 Fed. Rep. [2d] 493; *Krogman* v. *Rice Bros. Co.*, 241 Mass. 295; *Faulkner* v. *Waters*, 28 Mass. 472; *Coburn* v. *City of Hartford*, 38 Conn. 290; *Medley* v. *American Radiator Co.*, 27 Tex. Civ. App. 384; *Simon* v. *Hulse*, 12 La. App. 450; *Cunningham Lumber Co.* v. *N. Y., N. H. & H. R. R. Co.*, 77 Conn. 628.)

*Robert Seelav* and *Moses Kobrinetz* for respondents. A levy pursuant to warrant of attachment upon a chose in action is proper under section 916 of the Civil Practice Act. (*Stagg* v. *British Controlled Oilfields, Ltd.*, 117 Misc. Rep. 474; *Simpson* v. *Jersey City Contracting Co.*, 165 N. Y. 193; *Clements* v. *Doblin*, 239 N. Y. 526; *Warner* v.

*Fourth Nat. Bank,* 115 N. Y. 251.) At the time of the levy the alleged debtor was possessed of rights and choses in action which were leviable, and the levy was proper. (*Kennelly* v. *Shapiro,* 226 N. Y. Supp. 692; *Havens* v. *Bush,* 2 Johns. 387.)

POUND, Ch. J. In an action brought by the co-plaintiff Strotz against one William T. Johnson, a non-resident, an attachment was issued. The Sheriff levied the attachment on what was claimed to be money in the hands of the defendant belonging to Johnson. The defendant disregarded the attachment, and this action was brought against it to recover the amount of the judgment against Johnson, amounting to some $15,000.

On the trial the parties waived findings of fact and conclusions of law and the trial court directed judgment in favor of the defendant. The Appellate Division reversed and granted a new trial.

The material facts are simple and not in dispute. Johnson had a contract with Madison Square Garden under which he was to take practically the entire charge of the production of a rodeo or wild west show at Madison Square Garden in New York city. After providing in detail the many things it was incumbent upon Johnson to perform, it reads: " In consideration of the performance of the foregoing terms and conditions, the Garden agrees to pay Johnson the sum of Sixty-five thousand Dollars ($65,000) in payments as follows: " Then follows a statement of the amounts to be paid and the days on which they shall be paid.

The rodeo was to open on October 14, 1932, and close on the 29th. The time was extended subsequently by a supplemental agreement. Payments were to be made before the opening and were so paid. On October 15, the day after the opening, the attachment was levied. No payments were then due, nor had they been earned. There was, therefore, at that time no money or property

right actually in existence to which the warrant could attach. The defendant ignored the warrant and made the payments which subsequently became due.

Plaintiffs, recognizing the difficulty of attaching a mere right to earn money, now urge that there was some property right arising out of the contract, in the nature of a chose in action which was leviable. Johnson's right to payment at the time was entirely inchoate, contingent upon performance of the conditions with which it was his duty to comply. He had no enforceable rights either *in presenti* or *in futuro*. Until he had satisfactorily performed, he was entitled to nothing. These were dependent conditions. Performance must precede payment. (*Coletti* v. *Knox Hat Co.*, 252 N. Y. 468.) Choses in action are not ordinarily leviable. There must be a statute granting the right. Our statute (Civ. Pr. Act, § 916) provides that an attachment may be levied upon causes of action arising upon contract. But at the time of the levy Johnson had no cause of action; nothing but a right to earn money in the future.

In *Herrmann & Grace* v. *City of New York* (130 App. Div. 531, 535; affd., on the opinion below, 199 N. Y. 600) the court said: " It is well settled that an indebtedness is not attachable unless it is absolutely payable at present or in the future, and not dependable upon any contingency." The present case is indistinguishable from the case cited.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.