DOROTHY REIFMAN, Plaintiff, *v.* WARFIELD COMPANY, Defendant.

Supreme Court, Special Term, New York County, November 9, 1938.

*Shereff Brothers,* for the plaintiff.

*Hughes, Richards, Hubbard & Ewing,* for the defendant.

CHURCH, J.   Motion to vacate a levy of attachment is granted. The attempted levy of attachment was made in this case to make effective the service of process upon an officer of the defendant outside the State.   The warrant of attachment was served on the New York Cocoa Exchange, Inc.   The Warfield Company, the defendant, is not a member of the exchange.   The president of the defendant company, John D. Warfield, Jr., who is also a director of the company, is a member of the exchange.   It is conceded that his ·membership was paid for out of the funds of the defendant and that the price of his membership is listed as an asset on the books of the company.   Under the by-laws of the exchange (§§ 94 and 95) the defendant enjoys certain benefits by reason of the membership owned by its president and director, and may avail itself of certain privileges under certain conditions by reason of such membership.   These benefits and privileges are not attachable. (Civ. Prac. Act, § 916.)   The by-laws of the exchange (§ 93) specifically provide that the proceeds of the sale of a membership " shall be paid to the former member."   Even were the exchange obligated to pay to the defendant the proceeds of the sale of the

membership the right of the defendant to such proceeds would be contingent and equitable. There does not appear to be any assignment of the membership to the corporation. There is no liability presently fixed whereby the exchange is obligated to pay anything to the corporation. Contingent liabilities may not be attached. (*Fredrick* v. *Chicago Bearing Metal Co.*, 221 App. Div. 588.)

It is well settled that an indebtedness is not attachable unless it is absolutely payable at present or in the future, and not dependable upon any contingency. (*Herrmann & Grace* v. *City of New York*, 130 App. Div. 531; affd., 199 N. Y. 600; *Sheehy* v. *Madison Square Garden Corporation*, 266 id. 44.)

Settle order.