COMMISSION FOR POLISH RELIEF, LTD., Plaintiff, *v.* BANCA NATIONALA A ROMANIEI (NATIONAL BANK OF ROUMANIA), Defendant.

Supreme Court, Special Term, Kings County, July 15, 1941.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the motion.

*Shattuck, Bangs & Davis,* opposed.

FENNELLY, J. The defendant is a creditor of the three banks whose funds have been attached to the extent of $4,000,000. The sheriff has until August 30, 1941, or until such subsequent time as the court may allow him, to bring an action to collect these debts. If the attachment was valid at the time of service, it has not failed because it has not been perfected.

These debts owed by the banks to the defendant, are the *res* that have been attached. The so-called " freezing " orders of the President do not expropriate. There has been no seizure of the funds, but merely a restraint against their transfer or payment with the view of protecting the dominated nation or its nationals and American creditors. There is no prohibition against the defendant bringing suit against the banks for these deposits. Every jurisdictional requirement for such suits is present. If suit was brought by defendant, and the executive order was still in effect, or if no license to pay was given in the meantime by the Treasury Department, what defense would be set up by the bank, and in what form the court would put into effect the executive order restraining payment, if it did put it into effect, this court has no right to anticipate.

The cases of *Sheehy* v *Madison Square Garden Corporation* (266 N. Y. 44); *Hermann & Grace* v. *City of New York* (130 App.

Div. 531 . affd., 199 N. Y. 600) and others, assuming they still have force since the 1940 amendment to section 916 of the Civil Practice Act, are not in point. Under the facts in these cases no debt existed at the time of the attachment. Some subsequent event might or might not have created a debt.

As I read the so-called " freezing " orders, there is nothing that prevents the assignment of the defendant's claims against the banks that would carry the title, the prohibition being against the payment or transfer of the funds.

The motion to vacate the warrant of attachment, the levies made thereunder, the order for the service of a summons by publication and the service made pursuant thereto, is denied.