REETHOF-FISCHMANN CORPORATION, Plaintiff, *v.* LIMOGES CHINA COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, May 3, 1945.

*Gabriel Galef* and *Victor Jacobs* for plaintiff.

*Sidney Posner* for Sheriff of the City of New York.

O'BRIEN, J. This is a motion made by the plaintiff to compel the Sheriff of the City of New York to cause his fees to be taxed. A notice, dated March 26, 1945, pursuant to section 1565 of the Civil Practice Act, was heretofore served on the sheriff demanding that he cause to be taxed fees claimed by him as poundage or otherwise, but he has failed and refused to comply therewith, necessitating the making of this motion.

The action was originally instituted to recover a sum of money alleged to be due for a breach of contract by defendants to deliver goods to plaintiff. An attachment was granted by Mr. Justice SHIENTAG on October 6, 1944, and warrants thereunder were delivered to the sheriff on the 7th day of October, 1944. Pursuant thereto, and on various occasions, the said Sheriff levied on and collected sums of money owed by R. H. Macy & Co. and John Wanamaker, New York, to the defendant, the Limoges China Company.

On December 11, 1944, the parties agreed to discontinue the action, with prejudice and without costs, and to obtain the release of any funds theretofore attached, and defendants agreed to deliver specified merchandise to the plaintiff. It was further agreed that plaintiff was to pay the sheriff's poundage.

On January 5, 1945, Mr. Justice WILLIAM T. COLLINS vacated and discharged the attachment upon the payment of the sheriff's fees, if any, as to the property of the defendants, and the sheriff was directed and ordered to pay over the funds attached to the defendant, the Limoges China Company.

As reported by the sheriff, he received in actual cash under the attachment $569.68 from R. H. Macy & Co., and $693.64 from John Wanamaker, New York, a total of $1,263.32. Under the law, he is entitled thereunder to poundage in the sum of $56.58 computed on the basis of 5% for the first $1,000 and 2½% on the balance. However, the sheriff calculated poundage on $13,428.64, which sum includes $12,165.32 representing unfilled orders which R. H. Macy & Co. had given defendants, and which had not been delivered, and for which payment was not due and manifestly not made, since conditional upon delivery. Based on the sum of $13,428.64, the sheriff deducted $309.29 as poundage.

The sheriff, relying upon subdivision 3 of section 916 of the Civil Practice Act as added in 1940 (L. 1940, ch. 625) contends that *unfilled orders* represent a debt past due or to become due, and therefore, are subject to poundage. With this theory the court cannot agree and this contention is overruled.

It seems to me that the sheriff has attempted to attach a contingent right, namely the right of the defendant to receive payment on the delivery of the merchandise ordered. Certainly it cannot be considered a debt past due or with any certainty a debt to become due, for the debt does not accrue until the goods are delivered and accepted and there is nothing to prevent a mutual cancelation of the order. Many other contingencies might arise thereby forestalling the debt or preventing the creation of a chose in action. Prior to this amendment the controlling rule of law prohibited an attachment upon an indebtedness which was not absolutely payable at present or in the future or one dependent upon a contingency. (*Herrmann & Grace* v. *City of New York*, 130 App. Div. 531, affd. 199 N. Y. 600; *Sheehy* v. *Madison Square Garden Corp.*, 266 N. Y. 44.) The amended section does not change this rule.

This alleged debt cannot be considered as one contemplated or included in the statute. The excess poundage collected by the sheriff on these unfilled orders was unwarranted and is directed to be returned. Settle order.