DUTCH-AMERICAN MERCANTILE CORPORATION, Appellant, *v.* SAFTICRAFT CORPORATION, Respondent.

First Department, December 4, 1962.

*Sidney E. Garber* of counsel (*McLanahan, Merritt & Ingraham,* attorneys), for appellant.

*Wilmot B. Mitchell* of counsel (*Hall, Patterson, Taylor, McNicol & Marett,* attorneys), for respondent.

STEVENS, J.    These are appeals from two orders entered at Special Term.    The first appeal is from a resettled order entered September 21, 1961, denying a motion to resettle an order entered May 19, 1961, which granted the motion of defendant appearing specially therein, to vacate the service of the summons and complaint upon it without the State.

The second order appealed from is the order entered May 19, 1961, which granted the motion of defendant, appearing specially therein, to vacate the service of the summons and complaint upon it without the State.

Plaintiff sues the defendant, a foreign corporation not licensed to do business in New York and having no office here, for damages for breach of a written contract.    The action was commenced by two warrants of attachment followed by personal service upon the defendant without the State.

The first warrant was signed July 7, 1960, by Mr. Justice FLYNN, and a levy thereafter made on July 7, 1960 on George O'Neill & Co., Inc. (herein O'Neill) and on July 18, 1960, upon Feutchwanger Corp. in New York.    Thereafter personal service was made August 3, 1960, upon defendant in Louisiana, and due and timely proof of service filed pursuant to section 905 and section 235 of the Civil Practice Act.

Service upon O'Neill was vacated by order of Mr. Justice LORETO on July 28, 1960, and a resettled order affirmed that such order applied only to O'Neill.

On October 7, 1960, a second warrant of attachment was obtained, a levy was made under such warrant against property of the defendant in the hands of O'Neill.    Thereafter personal service was made upon defendant on October 25 or 26, 1960, and due and timely proof of service filed.

Defendant, appearing specially, (a) moved to set aside the service of the summons and complaint made upon it on the 25th or 26th day of October, 1960, " on the grounds that no property of the defendant had been levied upon within the State under a Warrant of Attachment as required by Sections 235 and 232(3) of the Civil Practice Act; and (b) vacating and annulling the Warrant of Attachment issued    *    *    *    by Mr. Justice Flynn on July 7, 1960    *    *    *    on the grounds that the plaintiff has failed to comply with Section 905 of the Civil Practice Act ".

Defendant in its supporting affidavit to vacate the warrant issued by Mr. Justice FLYNN, asserted that service upon it had been attempted August 3, 1960, but that no proof of service had been filed within 60 days as required by section 235 of the Civil Practice Act. Accordingly, the service of August 3, 1960, was a nullity, the requirements of section 905 of the Civil Practice Act had not been complied with, and the warrant of July 7, 1960 should be vacated.

In fact the requirement of section 235 had been fully complied with and defendant later, by separate affidavit, so acknowledged.

The court by its order dated May 18, 1961, entered May 19, 1961, granted, without reservation, the motion to set aside the service of the summons and complaint. In its order denying resettlement the court clarified its earlier order to the extent that it had held no debt existed subject to levy and accordingly the service was vacated.

The defendant's motion to vacate the warrant of attachment issued by Mr. Justice FLYNN was premised upon noncompliance with section 905, because proof of the service on August 3, 1960, had not been properly made. When the defendant acknowledged that a return had been filed as required by statute, there no longer existed any ground for the relief sought under (b) above. Nor had Feuchtwanger Corp. asserted it had no property or obligation of the defendant subject to levy. No basis is found in the record for the scope of the order of May 19, 1961.

As to the O'Neill levy, the court properly found that O'Neill did not have any obligation of or debt to the defendant which was subject to levy. At most defendant had a contingent right which did not ripen into an obligation subject to levy until the closing date of the transaction as provided for in the underwriting agreement. This date was October 11, 1960. There was nothing to levy upon on October 7, 1960. " There can be no attachment of or levy upon a contingent right which may or may not become a cause of action according to the occurrence or non-occurrence of a future event " (*Frederick* v. *Chicago Bearing Metal Co.,* 221 App. Div. 588, 590); " an indebtedness is not attachable unless it is absolutely payable at present or in the future, and not dependable upon any contingency " (*Herrman & Grace* v. *City of New York,* 130 App. Div. 531, 535, affd. on opinion below 199 N. Y. 600; *Sheehy* v. *Madison Sq. Garden Corp.,* 266 N. Y. 44, 47; *Reifman* v. *Warfield Co.,* 170 Misc. 8; *Shurtleff* v. *Huber,* 186 F. Supp. 241, 244 [1960]).

" Where property sought to be attached is incapable of manual delivery, the law as to levying is strict " (*Frederick* v. *Chicago Bearing Metal Co., supra,* pp. 589–590; *Godbout* v. *Irwin,* 272

App. Div. 1020; Civ. Prac. Act, § 916; cf. C. P. L. R., §§ 6201–6221, eff. Sept. 1, 1963).

Turning now to the appeal from the resettled order entered September 21, 1961, "A motion denying resettlement is not ¬ppealable where it is made to change or modify the relief ¸ranted in the original order or judgment". (Tripp, Guide to Motion Practice, § 15, p. 37; Civ. Prac. Act, § 609; *West Side Nat. Bank of Chicago* v. *Warsaw Discount Bank,* 204 App. Div. 4; *Homrighouse* v. *Wilson,* 262 App. Div. 796.)

Accordingly, the appeal from the order of September 21, 1961, should be dismissed. The order entered May 19, 1961, herein appealed from, should be modified on the law and the facts to the extent of granting the motion to set aside the service of the summons and complaint made upon the defendant on the 25th or 26th day of October, 1960, only, on the ground that no property of the defendant had been levied upon under the warrant of attachment issued October 7, 1960, and vacating said warrant of attachment, and otherwise affirmed, with costs to the appellant.

BREITEL, J. P., VALENTE, STEUER and BERGAN, JJ., concur.

Order, entered on May 19, 1961, unanimously modified, on the law and the facts to the extent of granting the motion to set aside the service of the summons and complaint made upon the defendant on the 25th or 26th day of October, 1960, only, on the ground that no property of the defendant had been levied upon under the warrant of attachment issued October 7, 1960, and vacating said warrant of attachment, and is otherwise affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.

Appeal from order entered on September 21, 1961 dismissed, without costs.