Frank A. Gulotta, J.
Motion to strike defense as insufficient in law is denied.
The hiring of a New York attorney by an out-of-State domiciliary to represent her in a probate proceeding pending in this State does not constitute doing business within the State within the meaning of CPLR 302 (subd. [a], par. 1).
In Schneider v. J. & C. Carpet Co. (23 A D 2d 103) jurisdiction was sustained on the theory that the acts of the plaintiff himself, performed in New York as sales representative and employee of defendant, were defendant’s acts and attributable to it. That is not true of an attorney who is more in the position of an independent contractor much like that of the plaintiff in Millner v. Noudar, Lda. (24 A D 2d 326) who was an independent commission broker with whom the defendant entered into a written contract for exclusive representation. That case held that the acts of the plaintiff in performance of the contract were not attributable to the defendant and jurisdiction was sustained, only because officers of defendant corporation had visited New York in furtherance of the performance of the contract sued on.
Neither has the simple mailing of a contract into the State, other than an insurance contract (McGee v. International Life Ins. Co., 355 U. S. 220; Insurance Law, § 59-a) been held sufficient to confer jurisdiction.
On the factual showing made on this motion the defense must be allowed to stand.