William S. Shea, J.
Defendants move to vacate the order of attachment and to dismiss the complaint.
The first issue herein is whether this court has jurisdiction pursuant to CPLE 314 (subd. 3). That issue depends upon whether the order of attachment validly attached to rents not yet due under a lease.
CPLE 6202 provides that any debt or property against which a money judgment may be enforced under CPLE 5201 is attachable. CPLE 5201 provides that a money judgment may be enforced against any debt which is yet to become due, certainly or upon demand of the judgment debtor.
It is well settled that an indebtedness is not attachable unless it is absolutely payable at present or in the future and not dependable upon any contingency (Sheehy v. Madison Sq. Garden Corp., 266 N. Y. 44, 47; Herrmann & Grace v. City of New York, 130 App. Div. 531, 535, affd. 199 N. Y. 600; Dutch-Amer. Mercantile Corp. v. Safticraft Corp., 17 A D 2d 421, 423; Frederick v. Chicago Bearing Metal Co., 221 App. Div. 588).
It is not disputed that the levy on the order of attachment was made on December 21, 1965 when the garnishee owed no rent to the defendants since the rent for December, 1965 was paid on December 3, 1965. Therefore, the order of attachment and the levy thereunder were not valid since at the time of the levy there was no debt, money or property right actually in existence to which the warrant could attach (see Sheehy v. Madison Sq. Garden Corp., supra).
The plaintiff has failed to submit any case showing that an order of attachment may be levied against rent to be due in the future on real property located outside of New York, to wit, New Mexico.
Plaintiff’s argument that the obligation to pay rent would continue until the expiration of the 20-year term and that the method and time of payment were deferred until the first of every month is without merit. The lease agreement between defendants and the garnishee, Fireman’s Fund Insurance Co., attached to the moving papers is dependent upon many conditions under its terms. The court is unable to state that the lease agreement herein is not dependable upon any contingency nor has the court found any case which holds that rents to be paid in the future are attachable.
*537 Therefore, this court has no jurisdiction pursuant to CPLR 314 (subd. 3), and the order of attachment must be vacated.
' The next issue that arises is whether this court has jurisdiction over the defendants pursuant to section 404 (subd. [a], par. 1) of the New York City Civil Court Act.
In the affidavit by plaintiff, he alleges that he is a real estate broker licensed by the State of New York. Plaintiff claims that his telephone conversations from New York City to defendants in New Mexico constitute a basis for jurisdiction. Furthermore, he claims that he was hired as a broker agent for the defendants and that he secured a New York City purchaser for the real property located in New Mexico.
In Millner Co. v. Noudar, Lda. (24 A D 2d 326) cited by plaintiff’s counsel at the argument of this motion, the court stated the following (pp. 328-329): “The question presented is whether the defendant transacted some business in New York with respect to the contract out of which this action arises. If the plaintiff were an employee of or an agent acting exclusively for the defendant, plaintiff’s acts, in and of themselves, performed for the defendant in New York would suffice to establish jurisdiction of the action against the defendant. (Schneider v. J & C Carpet Co., 23 A D 2d 103; and, see, American Cyanamid Co. v. Rosenblatt, 16 N Y 2d 621, cert. den. 382 U. S. 110.) But it is asserted and not denied that the plaintiff is an independent broker representing many different companies on a commission basis, in no way under the defendant’s control. In such circumstances the acts of the broker representative, the plaintiff herein, are not the acts of the so-called principal, and do not create a basis for jurisdiction against this defendant. (Greenberg v. Lamson Bros. Co., 273 App. Div. 57, supra; McKeon v. McGowan & Sons, 229 App. Div. 568; and, see, Sterling Novelty Corp. v. Frank & Hirsch Distr. Co., 299 N. Y. 208, 212; cf. International Shoe Co. v. Washington, 326 U. S. 310, 313 et seq.) ” (Emphasis supplied.)
There is no doubt that the plaintiff who is a real estate broker is an independent broker representing many different clients on a commission basis in no way under defendants ’ control. Therefore, the acts of the plaintiff are not the acts of the defendants and do not create a basis for jurisdiction against defendants.
Since this court has no jurisdiction over the defendants, I will not consider the merits of this action and the other grounds for dismissal raised herein.
Accordingly, the motion is granted to the extent of vacating the order of attachment and dismissing the complaint.