CHARLES S. GLASSMAN, Appellant, *v.* DONALD W. HYDER et al., Respondents.

Supreme Court, Appellate Term, First Department, October 27, 1966.

*Benedict Ginsberg* for appellant. *Vincenti & Schickler* (*Arnold S. Schickler* of counsel), for respondents.

*Per Curiam.* CPLR 6202 subjects to attachment any debt against which a money judgment may be enforced as provided in CPLR 5201. CPLR 5201 permits enforcement of a money judgment against any debt which is past due or which is yet to become due, certainly or upon demand of the judgment debtor. CPLR 5201 must, however, be read together with CPLR 5226, which permits an installment payment order and CPLR 5231, which permits an execution against income; under these latter sections a money judgment may be enforced against income not yet due and not certain to become due. In our opinion the legis-

lative intent was to subject the same types of property and debts to both attachment and enforcement of money judgments. Third Preliminary Report of Advisory Committee on Practice and Procedure, [1959], p. 101.) Prospective earnings and other future accruing income are subject to an order of attachment, and a levy thereunder operates as a continuing levy until an amount sufficient to satisfy plaintiff's demand has been accumulated. The rentals accruing under the long-term lease between defendants and the tenant served with the order of attachment were equally subject to levy thereunder, although no rent was yet due when the levy was made. There is no true distinction between future earnings and other future accruing income and rentals under an existing lease yet to become due and the justification for a levy upon the former applies at least as much to the latter (see *Morris Plan Ind. Bank* v. *Gunning*, 295 N. Y. 324). It was, therefore, error to declare the levy invalid and to vacate the order of attachment.

The court correctly ruled that personal jurisdiction of the nonresident defendants had not been acquired pursuant to CPLR 302 (subd. [a], par. 1) (*Katz & Son Billiard Prods.* v. *Correale & Sons,* 26 A D 2d 52; *Kramer* v. *Vogl,* 17 N Y 2d 27). Since, however, by virtue of the reinstatement of the order of attachment the action must continue, the complaint may not be dismissed. We do not pass on the questions addressed to the merits of the controversy.

The order should be modified to the extent of reversing so much thereof as vacates the order of attachment, denying the motion to vacate the same and reinstating the order of attachment, and further to the extent of denying the motion to dismiss the complaint so that the action may proceed as one quasi in rem, and as modified, affirmed, without costs.

Concur — STREIT, J. P., GOLD and HOFSTADTER, JJ.