Sidney Gold, J.
The order for a reference dated November 2, 1966 directed “ a hearing on the issues both of the timely service of defendant’s answer and the personal jurisdiction over the person of the defendant, and for final disposition of the motion ”.
The plaintiff has waived the objection that the answer was not timely served. The only other issue is as to the jurisdiction of the court over the person of the defendant.
At the outset of the hearing an issue was raised as to the timeliness of this motion under CPLR 3211 (su-bd. [a], par. 8) inasmuch as the motion was made after answer. However, such an objection not having been raised either in the order of November 2, 1966 or in the papers on which that referral order was predicated, the plaintiff will be deemed to have waived its objection thereto and such objection raised at this time will not be considered.
Plaintiff, a stockbroker, alleges it sold certain shares of stock at the request of the defendant, that defendant failed to turn over the required number of shares to the plaintiff for delivery, that the plaintiff was required to purchase the necessary shares and now seeks to recover the cost thereof from the defendant.
Defendant’s answer consists substantially of a general denial, defenses of negligence and lack of jurisdiction over the person of the defendant, and a counterclaim for damages for plaintiff’s alleged negligence.
Plaintiff, a member of the New York Stock Exchange, is a limited partnership organized under the laws of the State of New York. Its main office is in New York City, but it maintains branches in New York State and in Newark, New Jersey. The testimony before me reveals the following: defendant had dealt with the plaintiff at its Newark branch for about three years, and had bought and sold two or three stocks through the plaintiff at that branch. The order to sell the stocks in question was also given to plaintiff’s representative at the Newark branch.
At no time had the defendant ever specified where the stocks were to be bought or where they were to be sold. The defendant would telephone the plaintiff’s representative at its Newark office to buy or sell a particular stock. The order would be phoned *420 into the plaintiff’s main office in New York City. If the stock was listed on the New York Stock Exchange, the New York office would phone the order to its clerk on the floor of the Exchange. The clerk would give the order to their broker, who would consummate the sale. The broker would then inform the clerk of the trade and the clerk would report back to the New York office which in turn would report back to the Newark branch. The plaintiff’s representative there would then inform the defendant. A written confirmation of the trade would be mailed from the main office in New York to the defendant and to plaintiff’s representative, in New Jersey.
If the stock to be traded was in the over-the-counter market, as was the stock in question, the same procedure was followed except that the main office in New York would go into the market, rather than into the Stock Exchange, to find a buyer or seller. Evidently, such over-the-counter market was also located in New York and not in New Jersey. An over-the-counter department was maintained by the plaintiff only in its main office in New York; and only that office had a direct wire to the floor of the Exchange.
Defendant paid for the stocks he purchased by sending a check to the Newark branch office, and the check was deposited by that office in its account in Newark. When stocks were sold for the defendant, the check to the defendant came from the plaintiff’s New York office.
Defendant at no time personally came into the City of New York on any matter relating to the transaction which is the basis of this lawsuit. Nor for that matter did defendant ever personally come into New York on any other matter relating to transactions with the plaintiff.
Unquestionably plaintiff was physically present in New York City on matters necessary to the transaction of its business with the defendant. However, the acts of the plaintiff performed by it in New York City may not be attributed to the defendant for the purpose of conferring jurisdiction over the person of the defendant under paragraph 1 of subdivision (a) of section 404 of the CCA, the New York City Civil Court Act counterpart of CPLR 302. (See Commentaries by Prof. David D. Siegel to section 404 of the CCA in McKinney’s Consolidated Laws, Book 29A — Judiciary, Part 3, and the 1966 Cum. pocket part thereto.)
If the plaintiff were an employee of the defendant “or an agent acting exclusively for the defendant”, plaintiff’s acts in and of themselves, performed for the defendant in New York, would suffice to establish jurisdiction of the action against the *421 defendant (Millner Co. v. Noudar, Lda., 24 A D 2d 326). The plaintiff was unquestionably an agent of the defendant in the sale of the stocks in question. That, however, is not at all determinative of the question before the court. The agency under which the agent’s acts will bind the principal pursuant to the ‘ ‘ long arm ’ ’ statute must be an exclusive one. Where the agent represents many other principals or customers on a commission basis as here, he is an ‘ ‘ independent broker ’ ’ at least insofar as the statute in question is concerned (Millner Co. v. Noudar, Lda., supra; and, see, Glassman v. Hyder, 51 Misc 2d 535, mod. on other grounds 52 Misc 2d 618; also Winick v. Jackson, 49 Misc 2d 1009). Whatever acts were performed by the plaintiff, whether considered necessary or not to complete the trade of the stocks, may not be considered the acts of the defendant under the statute.
The necessity that the agency be an exclusive one before the agent’s acts will be considered binding on the principal applies only to the factual situation presented in the case in hand, i.e., where the agent sues the principal. Section 404 (subd. [a], par. 1) New York City Civil Court Act states that the court may acquire personal jurisdiction over a nonresident where he “ in person or through an agent ” transacts any business within the City of New York. Thus had the purchaser of the stock in question sued the defendant herein for failure to deliver the stock in question, there might have been justification for the seller to have brought action in New York with service upon the defendant in New Jersey. Perhaps under such circumstances the acts of the plaintiff herein, defendant’s agent, would, under the aforesaid section 404 (subd. [a], par. 1), have been sufficient to confer jurisdiction over the defendant’s person. That issue is not before us here, however, and we therefore do not presume to pass upon it. But where the agent and not a third party sues the principal, the agent’s acts will confer jurisdiction over the principal only if the agency was an exclusive one (Millner Co. v. Noudar, Lda., supra).
Inasmuch as the acts of the plaintiff in New York were not the acts of the defendant here, it is not significant that plaintiff, from its New York office, mailed to defendant the confirmation of the trade as well as checks in payment of stocks sold for defendant (cf. Millner Co. v. Noudar, Lda., supra, p. 329).
In Sparks & Co. v. Gallos (47 N. J. 295) a factual situation precisely the same as in the case in hand was presented, except that there the defendant had purchased the stock while here the defendant had sold the stock. The court made no final determination but permitted the defendant, against whom a *422 default judgment was obtained in the New York City Civil Court, to seek in that court the reopening of the judgment to the end that an interpretative determination may be obtained as to the applicability of this State’s long-arm statute to the transaction there in suit.
It is clear that in the action at bar whatever acts were performed in New York in connection with the transaction between the parties were performed by the plaintiff and not by the defendant. The ‘ ‘ unilateral activity of those who claim some relationship with a nonresident defendant * * * cannot satisfy the requirement of contact with the forum State * * * [I] t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.” (Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443, 451-452, quoting from Hanson v. Denckla, 357 U. S. 235, 253.)
Accordingly, the defendant’s motion is granted and the plaintiff’s action is dismissed for lack of jurisdiction of the court over the person of the defendant.