CHARLES S. GLASSMAN, Respondent-Appellant, v. DONALD W. HYDER et al., Appellants-Respondents.

Concur — Eager, J. P., Rabin and McNally, JJ.; Steuer and Capozzoli, JJ., dissent in the following memorandum by Steuer, J. I would affirm the determination of the Appellate Term. CPLR 6202 provides that any debt against which a money judgment may be enforced under CPLR 5201 is attachable. Under 5201 (subd. [a]) it is provided that a money judgment may be enforced " against any debt, which is past due or which is yet to become due, certainly or upon demand". The precise question is whether rent under a lease is a debt certainly to become due. The statutory words have never been interpreted directly in this context. It is true that the general nature of instalments of future payments for rent provided for in a lease have received interpretation. In the case cited in the majority opinion (*Matter of Ryan,* 294 N. Y. 85), the lease in question was of an extraordinary character, and the obligation to pay rent was stated by the court to be " made contingent by the express provisions of the lease " (p. 95). Surely the words " yet to become due, certainly or on demand " have some meaning and there must be situations in which they have application. And this despite the fact that every debt not yet due may possibly never become due. Even a promissory note is not certain to become due, as the holder may at any time release the maker. To reach a determination of what obligations the Legislature considered as certainly to become due it is not helpful to employ philosophical ultimates. True it is that not all provisions for future payment will certainly ripen into enforcible obligations; and in situations where there is a dependence on satisfactory performance it has been held that such certainty does not exist (*Sheehy* v. *Madison Sq. Garden Corp.,* 266 N. Y. 44). But in other situations the remote possibility that the agreed on obligation will not develop into a present claim has not affected its liability to attachment. It is now established that an insurer's promise to defend and pay a claim against the insured is an attachable debt (*Seider* v. *Roth,* 17 N Y 2d 111) though there are countless contingencies which might defeat the insured's right to enforce the obligation. And in addition there is positive evidence that the Legislature regarded rent reserved in a lease as a debt certainly to become due. CPLR 6214 (subd. [b]) defines the effect of a levy. Included are " all debts * * * then due or thereafter coming due to the defendant, shall be subject to the levy." The effect of the majority holding would be that these words would mean that if an instalment of rent was past due when the levy was made, it was attached, and all subsequent instalments were likewise attached as they became due. It hardly seems reasonable to suppose that the Legislature intended to subject future instalments to the levy only in the event that there was an instalment of rent actually due at the moment the Sheriff served the process on the tenant. Rather, it would seem that, barring extraordinary instances, rent to become due in the usual course is a debt certainly to become due. [52 Misc 2d 618.]