Bernard S. Meter, J.
Defendant moves to dismiss for lack of jurisdiction over his person; plaintiffs cross-move for summary judgment. The motion to dismiss is denied without prejudice to defendant’s pleading in his answer a defense of lack of jurisdiction; the cross motion is dismissed as premature, no answer having yet been served (CPLR 3212, subd. [a]; Pisano v. County of Nassau, 41 Misc 2d 844, affd. 21 A D 2d 754).
Defendant is a resident of Illinois and the holder of a judgment recovered in Illinois against certain New York individuals and corporations. Defendant’s Chicago attorneys came to New York, conferred with plaintiffs and engaged them on defendant’s behalf to bring suit in New York on the Illinois judgment. The Chicago attorneys also participated in some of the ensuing proceedings. Plaintiffs’ action seeks recovery on quantum meruit for the services performed in obtaining a New York judgment and conducting supplementary proceedings on it. It is not disputed that defendant himself never came to New York in connection with the matter nor had any personal contact with plaintiffs and that his Chicago attorneys are not defendant’s employees, but are an independent firm of attorneys with whom defendant has only an attorney-client relationship. Defendant argues that since his Illinois attorneys are not his exclusive agents their acts on his behalf in New York are an insufficient basis for jurisdiction.
Pre-CPLR cases holding that the bringing of an action in New York is not “ doing business ” (Wollman v. Newark Star Pub. Co., 229 N. Y. 590; Schneider v. Greater M. & S. Circuit, 144 Misc. 534 are irrelevant.) At issue here is not jurisdiction under CPLR 301, but whether defendant is -subject to jurisdiction under CPLR 302 (subd. [a1], par. 1) because he transacted business in this State and the action arises out of that business (Schneider v. J & C Carpet Co., 23 A D 2d 103). In express *273 language CPLR 302 (subd. [a]) applies to “ any nondomiciliary * * * who in person or through an agent: 1. transacts any business within the state ”. That provision, it has been held, gives New York jurisdiction over a nondomiciliary who, through an agent present in New York, employed a New York attorney, who performed legal services in New York in which the non-domiciliary, through other New York attorneys it appears, played a material part (Strasser, Spiegelberg, Fried & Frank v. Schlesinger, 53 Misc 2d 78, affd. 28 A D 2d 828). Winick v. Jackson (49 Misc 2d 1009) urged by defendant, is not to the contrary, for it does not appear that in the Winick case the defendant or her agent came to New York to retain the attorney or participated in the matter in any way. Defendant argues, however, that while the retainer agreement was made in New York, it was made not by an agent but by an independent contractor and, therefore, creates no basis for jurisdiction.
The act of an independent contractor in soliciting orders in New York when followed by the shipment of a product to New York is such purposeful activity in New York as to ground jurisdiction of an action for injury caused by the product (Singer v. Walker, 15 N Y 2d 443, 466-467 ; Lewin v. Bock Laundry Mach. Co., 16 N Y 2d 1070). Solicitation of orders in and from New York followed by shipment or products to the United States (apparently including New York) was, however, held in Millner Co. v. Noudar, Lda. (24 A D 2d 326) to be an insufficient basis of jurisdiction. The Millner case was an action between the nondomiciliary producer and the New York independent contractor and there is dictum in Herts, Newmark & Warner v. Fischman (53 Misc 2d 418) and Friedr. Zoellner (New York) Corp. v. Tex Metals Co. (278 F. Supp. 52) distinguishing between such an action and one brought .against the nondomiciliary by a third person. The distinction seems questionable, however, for in either case the cause of action arises from purposeful activity carried on in New York relating to the transaction on which suit is brought.
In his 1968 Supplementary Practice Commentary to CPLR 302 (McKinney’s Cons. Laws of N. Y., vol. 7B, 1968 Pocket Part, pp. 105-106), Professor Joseph M. McLaughlin suggests that independent contractors are agents within the meaning of CPLR 302. He argues .that ‘1 If all that is required under CPLR 302 is a purposeful act invoking the benefits and protections of New York law, there seems to be no valid reason why a court should become ensnared in the the technical rules of agency. Where a non-domiciliary requests a person to perform an *274 act in New York for the benefit of the non-domiciliary, what difference does it make whether the person is an employee, an agent, or an independent contractor, so long as the act is performed in New York, is purposeful, and benefits the non-domiciliary? ” To his inquiry might well be added: What difference does it make, when the request is made by a non-domiciliary through another person, whether that other person is an employee, an agent, or an independent contractor, so long as his act in making the request was authorized by the nondomiciliary? Were the matter one of first impression the court would adopt Professor McLaughlin’s interpretation and deny outright the motion to dismiss. It feels constrained by the Millner case, however, and would grant the motion, were it not that the papers are silent concerning whether defendant authorized his Illinois attorneys to proceed on the Illinois judgment in New York. If he did in fact authorize the institution of the New York action, then the Illinois attorneys were acting as his agent, rather than as independent contractor, in retaining plaintiffs as the New York attorneys and defendant’s act in forwarding the Illinois judgment to them for suit through his Illinois attorneys can be likened to the shipment of a product, as in the Singer and Lewin cases, into New York. If, on the other hand, defendant simply turned a matter over to his Illinois attorneys, and they, having obtained an Illinois judgment on which they were unable to collect in Illinois, determined independently and without specific authorization from defendant to forward the matter to New York counsel, their actions would be those of an independent contractor and there would be no basis for holding them agent of defendant or finding that defendant had forwarded any matter to New York, or authorized any purposeful activity in New York, and the Millner case would govern. The fineness of the distinction thus drawn points up the wisdom of Professor McLaughlin’s approach. However, until there is a decision by the Appellate Division, Second Department or by the Court of Appeals contrary to Millner, or facts are developed that bring the case within the Singer and Lewin decisions, this court cannot deny the motion outright. To afford plaintiffs the opportunity to ascertain the facts concerning authorization the court will, however, deny the motion without prejudice to the pleading of the defense in the answer.