David 0. Boehm, J.
This is an application pursuant to CPLR 5227 brought by the judgment creditor for an order to obtain rents payable by tenants Bloss to judgment debtor Sam J. Lovotro and his wife as co-owners of the premises occupied by the tenants.
The judgment debtor opposes this application upon the ground that CPLR 5231, which provides for an execution upon income, is the exclusive remedy which the judgment creditors may pursue. In reply the judgment creditor argues that CPLR 5231 is limited solely to moneys earned through the regular sustained labor or efforts of a judgment debtor and therefore does not apply to a levy upon rents.
CPLR 5227 provides: ‘ ‘ Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any documents necessary to effect payment ’ ’.
An examination of the language of CPLR 5227 clearly shows that the key word to its operation is the word “ indebted ”. To determine what persons are or will become indebted to the judgment debtor one must look to the definition of ‘ ‘ debt ’ ’ set forth in CPLR 5201 (subd. [a]), as follows: “ (a) Debt against which a money judgment may be enforced. A money judgment may be enforced against any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor ’ ’.
The case most directly in point is Glassman v. Hyder (51 Misc 2d 535, mod. 52 Misc 2d 618, mod. 28 A D 2d 974, afifd. 23 N Y 2d 354), wherein plaintiff attempted to obtain jurisdic *730 tion over a nonresident defendant by attaching rent due the defendant from an out-of-State corporate tenant doing business in the State of New York. The Appellate Division affirmed the order of the Civil Court vacating the attachment and dismissing the complaint and the Court of Appeals affirmed.
Speaking for the majority, Judge Breitel delineated the three categories of property subject to execution under CPLR 5201: a debt past due or yet to become due certainly or upon demand (CPLR 5201, subd. [a]); real or personal property, tangible or intangible, including vested or unvested interests (CPLR 5201, subd. [b]); income of various kinds subject to preconditions before being available to levy by execution and usually limited to a 10% maximum (CPLR 5231).
Pointing out that traditionally rent had always been viewed as an interest in realty rather than as personalty, the court stated (23 N Y 2d at pp 358-359):
“ Where a duty to pay is conditioned on the creditor’s future performance, or upon contractual contingencies, there is no debt certain to become due (see Sheehy v. Madison Sq. Garden Corp., 266 N. Y. 44, 47; Herrmann & Grace v. City of New York, 130 App. Div. 531, 535, affd. 199 N. Y. 600). An obligation to pay rent, it has been held, is not a debt and is not certain to become due (see Matter of Ryan, 294 N. Y. 85, 95).
B *
“ Although New York has never specifically held that future rents cannot be attached or garnished, most other jurisdictions have held that future rents are so speculative as not to qualify as debts certain to be due, or even as debts at all, and hence are not garnishable [citing cases].
* * *
“ But, as noted, the New York rule in the general area fits the prevailing view, and such legislative history dealing with CPLR 6202 and 5201 (subd. [a]) as is available suggests that there was no intention to modify the generally accepted criteria for what is a debt certain ’ ’.
In Matter of Tenzer, Greenblatt, Fallon & Kaplan v. Abbruzzese (57 Misc 2d 783), an order of attachment upon rentals due from a sublessee was upheld on the basis that they were due and had become payable on the date of the levy. Decided about five months before the Court of Appeals determined Glassman v. Hyder (supra), reliance was placed upon the Appellate Division decision in that case. Referee Samuel S. Tripp, in drawing the important distinction between rents past due and rents in futuro, quoted the Appellate Division as follows (28 A D 2d *731 974): “ The order of attachment, purporting to levy upon rents owing under a long-term written lease, was served at a time when no rents were due and owing to the defendants under the lease. * * * Rents not yet due are not attachable as debts to become due ‘ certainly or upon demand’”. (See also, 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5227.06.)
No comment is necessary here as to any alternative avenues of relief which may be available to the judgment creditor except to refer to the comment in Glassman by the Court of Appeals (23 N Y 2d at pp. 359-360): “Where the real property is located in the same State as the forum, the levying creditor has no problem. He levies against the real property in this State simply by filing a notice of levy in the appropriate county clerk’s office (CPLR 6216; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6216.01 et seq.). It then becomes a lien against the real property and the owner is effectively restrained from disposing of the property without first discharging the lien. If it is necessary to reach the accruing rents, a simple form of receivership is available after judgment (CPLR 5228, subd. [a]; 6 Weinstein-Korn-Miller, op. cit. par. 5228.01 et seq.).”
It not appearing, or at least there being no such information before this court, that the rents sought to be attached were due at the time of the commencement of this proceeding, the petition is dismissed, with costs.