Per Curiam.

Judgment debtor is a wholly owned subsidiary of Intergeneral Industries, Inc., which was a customer of respondent bank. Intergeneral’s, vice-president, Mac Beagle-man, who was also vice-president of judgment debtor, was known to the bank. On his indorsement, the bank issued, in exchange for a certified check payable to the order of judgment debtor, its own check payable to the order of Natcontainer Corp., a creditor of another wholly owned subsidiary of Intergeneral. The bank acted in effect as a conduit without retaining any moneys belonging to judgment debtor. Had the form of the transaction been the opening of an account by judgment debtor with its own corporate resolution authorizing Mac Beagleman as vice-president to sign and indorse checks, judgment debtor then would have, issued its own check to Natcontainer Corp. and the bank would not have been involved.
The bank, however, acted without corporate resolution of the judgment debtor and without having an account of the judgment debtor and may have facilitated an unauthorized diversion of the judgment debtor’s funds to Natcontainer Corp. By the same token the judgment debtor is a wholly owned subsidiary of Inter-general, which did have an account at the bank, and which had assumed the obligations of all its subsidiaries, so that the transfer of judgment debtor’s funds in payment of an obligation of another subsidiary of Intergeneral may not have been improper. A determination of the propriety of this transfer or, rather, exchange, may well involve an inquiry into the entire intracorporate structure of the conglomerate, Intergeneral, which is already the subject of a chapter XI proceeding.
Petitioner obtained its judgment about three months after this exchange of checks. At time of attempted levy and of this special proceeding against the bank, it was not in possession or custody of money ór property of judgment debtor nor was it a transferee of money or property from judgment debtor. Thus, CPLB 5225 (subd. [b]) is not applicable. The question is whether CPLB 5227 is applicable by reason of the bank’s alleged indebtedness to judgment debtor arising out of its participation in the alleged conversion of the certified check payable to judgment debtor*
A debt against which a money judgment may be enforced by a special proceeding instituted under CPLB article 52 must satisfy the requirement in CPLB 5201 (subd. [a]) of “ certainty ” (cf. Glassman v. Hyder, 23 N Y 2d 354, 358-360). A greater degree of “ certainty” of the indebtedness is required *989 than here demonstrated for this cause of action against the hank, which actually is a claim for facilitating an allegedly unauthorized diversion of corporate funds, properly to he asserted in a plenary derivative action by petitioner as a creditor on behalf of judgment debtor. While CPLR 5227 is fairly broad in scope and encompasses factual disputes to be resolved at a trial, issues of this nature, not involving possession of property of or indebtedness owing to a judgment debtor, were, in our view, not intended to be adjudicated in & summary-type special proceeding of CPLR article 52.
In none of the cases cited in the dissenting memorandum did the court deal with this type of situation. In Siemens & Halske GmbH. v. Gres (32 A D 2d 624) respondent, president of judgment debtor, had transferred to herself without consideration funds of judgment debtor rendering it insolvent, which she had in her possession at time of the special proceeding. In Matter of First Small Inv. Corp. v. Zaretsky (46 Misc 2d 328) respondent, daughter of judgment debtor, was the record holder of the stock of a corporation, of which judgment debtor was claimed to be the actual owner. V P Supply Corp. v. Normand (27 A D 2d 797) involved a debt owed to judgment debtor. Matter of Ruvolo v. Long Is. R. R. Co. (45 Misc 2d 136) also involved a debt owing to judgment debtor, the debt being created after stipulation settling his action for personal injuries. In Matter of Sumitomo Shoji v. Chemical Bank (47 Misc 2d 741) respondent bank disregarded the specification in the restraining notice served upon it by paying out funds in its possession belonging to judgment debtor.
The order should be affirmed, with $10 costs.