Leonard N. Cohen, J.
Defendant, a Pennsylvania resident, moves to dismiss a New York stockbroker’s complaint alleging breach of an oral stock purchase agreement, on the ground of lack of personal jurisdiction in that he denies transacting business in this State pursuant to CPLR 302 (subd [a], par 1), or in the alternative that New York is an improper forum pursuant to CPLR 327. Plaintiff cross-moves for summary judgment pursuant to CPLR 3212 (subd [b]) dismissing defendant’s affirmative defenses.
Plaintiff stockbroker purchased stock over the New York City Exchange for the defendant after soliciting him by two telephone calls from this city at the suggestion of a third person. The defendant was neither a regular customer of plaintiff nor maintained any account with plaintiff nor was physically present in this State during the period of this transaction. In fact, the out-of-State telephone calls constituted the sole source of the transaction and claimed relationship between the parties. Defendant’s refusal to pay for the purchased securities resulted in the alleged breach and the *505 sale of the stock at a loss, for which damages are sought in this lawsuit. A sharp dispute exists as to whether defendant orally agreed to or ratified the transaction.
Under the long-arm statute, CPLR 302 (subd [a], par 1) and its counterpart in this court, section 404 (subd [a], par 1) of the CCA, the general rule is that a New York agent may not impute to a nondomiciliary principal his own business activities in New York on behalf of the principal and thereby claim in a lawsuit against the principal that personal jurisdiction is founded on the principal’s transactions of business within the State. Doing business in this State to confer personal jurisdiction on a nondomiciliary principal, must be attributable to the independent, repeated, purposeful activities of the principal. (Haar v Armendaris Corp., 40 AD2d 769, revd on the dissent, 31 NY2d 1040; Glassman v Hyder, 23 NY2d 354.)
The plaintiff argues that a stock broker-client relationship is distinguishable from a general agency theory as the nature of the business is such that one or two telephone calls are essentially all that is needed to complete the transaction and that such calls constitute the jurisdictional requirement of doing business. (Francis I. duPont & Co. v Chelednik, 69 Misc 2d 362; Bankers Trust Co. v Edelmann, NYLJ, July 6, 1973, p 11, col 2; Englehardt v Shields & Co., 50 Misc 2d 7.) However, these cases are distinguishable as they rely on a continuing broker-client relationship or an apparent exclusive agency relationship for stock transactions. Moreover, a tort element of fraud or conversion underlies these decisions, unlike the facts herein.
The rejection of the "boot strap” doctrine of an agent’s reliance on his own activities, rather than those of the alleged client to establish jurisdiction, applies to independent contractors (Perlman v Martin, 70 Misc 2d 169), and to nonexclusive general agents (Hertz, Newmark & Warner v Fischman, 53 Misc 2d 418). Whether a stock broker is characterized as an independent contractor or a nonexclusive general agent, it is the independent business activities in this State or city by the alleged client which are critical to a determination of personal jurisdiction under CPLR 302 (subd [a], par 1) and section 404 (subd [a], par 1) of the CCA.
This is consistent with well-established law that a nondomiciliary against whom jurisdiction is sought must have minimum contacts of some substantial nature " 'which correlates with a purpose to engage in a course of business or some *506 continuity of activity in the state * * * founded upon a realistic basis and * * * not a mere fiction.’ ” (Electronics Devices v Mark Rogers Assoc., 60 Misc 2d 322, 325; see Home Crafts v Gramercy Homes, 41 Misc 2d 591.)
The underlying rationale is embedded in a traditional sense of fair play and substantial justice requiring that a reasonable basis be found to satisfy the constitutional right of due process. (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443; International Shoe Co. v Washington, 326 US 310; McKee Elec. Co. v Rauland-Borg Corp., 20 NY2d 377.)
Viewed in this context there is an insufficient showing to meet these standards where the single claimed activity of the nondomiciliary alleged client in New York is one or two out-of-State telephone calls initiated and solicited by a stockbroker at a third person’s request. (Culkin v Smith, 57 Misc 2d 901; Hertz, Newmark & Warner v Fischman, supra; Katz & Son Billiard Prods, v Correale & Sons, 26 AD2d 52, affd 20 NY2d 903.)
It is clear that for jurisdictional purposes, reliance is primarily placed by the stockbroker on its own activities and they cannot be attributed to the defendant under the circumstances here in the absence of a continuous customer relationship or other indicia of an exclusive agency.
Whether there was an agreement between the parties and a breach thereof is the triable issue but not in this forum. The alternative relief requested by the defendant of forum non conveniens, if applicable, need not be determined in view of the above.
Accordingly, defendant’s motion to dismiss for lack of personal jurisdiction is granted and plaintiffs cross motion is denied.