Summary Judgment.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.

■ MARGARET J. FISHGOLD, Respondent, v LOUIS N. FISH-GOLD, Appellant. (Appeal No. 1.) [684 NYS2d 802] —Order unanimously affirmed without costs. Memorandum: During the course of this matrimonial action, Supreme Court entered an order confirming the execution sale of property subject to its sequestration order and an order directing the distribution of the assets subject to sequestration. At the execution sale, C.O.F., Inc. (COF), a consortium of partners and shareholders in the business interests subject to the sequestration order, purchased defendant's title and interest in "any and all actions, causes of action, suits * * * claims and demands" against certain named individuals and entities, including COF. Defendant contends on appeal that it is entitled to maintain an action against COF arising from COF's involvement in the execution sale. COF is not a party to this action, however, and we therefore do not reach the issue whether defendant's right to sue COF is affected by the orders that have been entered. Whether COF's purchase of defendant's causes of action includes any cause of action that defendant may have against COF must be litigated in the context of an action brought by defendant. Defendant has failed to preserve for our review his contention that the application for the order distributing the sequestered assets was not made on notice. (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Matrimonial.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.

■ MARGARET J. FISHGOLD, Respondent, v LOUIS N. FISH-GOLD, Appellant. (Appeal No. 2.) [684 NYS2d 451] —Order unanimously affirmed without costs. Same Memorandum as in *Fishgold v Fishgold* (256 AD2d 1124 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Siragusa, J.—Matrimonial.) Present—Green, J. P., Wisner, Hayes, Balio and Fallon, JJ.

■ WALTER THOMPSON et al., Respondents, v THOMAS MAROTTA, Appellant. [685 NYS2d 168] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Walter Thompson (plaintiff) sustained injuries when he fell from a ladder while painting a house owned by defendant, his landlord. Supreme Court properly granted plaintiffs' motion for partial summary