■ LOUIS N. FISHGOLD, Appellant, v C.O.F., INC., et al., Respondents. [732 NYS2d 919] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1994 plaintiff's wife commenced a matrimonial action and a receiver was appointed to take control of the marital assets, which included partnership and corporate assets in which plaintiff had an interest. The partnership and shareholder agreements provided for the manner in which equity buy-outs were to occur. During the pendency of the matrimonial action, M&T Bank procured a judgment against plaintiff in the amount of $1,015,365.92. That judgment was assigned to defendant C.O.F., Inc. (COF), a consortium of plaintiff's former partners and co-shareholders. COF issued property executions to the Monroe County Sheriff, and at the subsequent execution sale COF purchased, among other items, "[a]ny and all actions, causes of action, suits, [and] debts * * * whatsoever, in law, admiralty, or equity" against all named defendants and others. In *Fishgold v Fishgold* ([appeal No. 1] 256 AD2d 1124), this Court upheld the legality of

the execution sales but determined that, because COF was not a party to that action, "the issue whether [plaintiff's] right to sue COF is affected by the orders that have been entered * * * must be litigated in the context of an action brought by [plaintiff]." Plaintiff then commenced this action.

Supreme Court erred in granting defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (5) because the causes of action bought in the execution sale were not of sufficient certainty to permit their purchase (see, Matter of Supreme Mdse. Co. v Chemical Bank, 70 NY2d 344, 349-350). A debt may be garnished under CPLR 5201 only if it has the requisite certainty (see, Colonial Press of Miami v Bank of Commerce, 71 Misc 2d 987, 988). "[T]he Legislature expressly put beyond the grasp of the statute the general category of contingent debts, 'to preclude a levy against contingent obligations that are not certain to ripen into something real' " (Matter of Supreme Mdse. Co. v Chemical Bank, supra, at 350; see, Glassman v Hyder, 28 AD2d 974, affd 23 NY2d 354). Here, defendants failed to show that the causes of action levied upon had the requisite legal "certainty" at the time of their purchase.

We therefore modify the order by denying defendants' motion in part and reinstating the second and third causes of action. At oral argument, plaintiff withdrew the first cause of action, and we affirm that part of the order dismissing the fourth cause of action, because punitive damages are not available to remedy this private wrong (see, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603), nor in any event is a separate cause of action for punitive damages viable (see, Farrell v K.J.D.E. Corp., 244 AD2d 905). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Dismiss Pleading.) Present—Green, J. P., Scudder, Kehoe, Gorski and Lawton, JJ.