Joseph A. Cox, S.
The court will consent to receive for trial in this court the action now pending in the Supreme Court, New York County. Various grounds have been urged as justification for denial of the application for consent. None of them requires any comment here except the argument that this court would lack jurisdiction over some of the parties to the action and is unable to grant the relief prayed for in the complaint.
Authority to transfer actions from the Supreme Court to the Surrogate’s Court is expressly granted by section 190-a of the Civil Practice Act, and subdivision 9 of section 40 of the Surrogate’s Court Act. This authority has been held to apply to suits in equity as well as actions at law. (Matter of Katz, 192 Misc. 537; Matter of Pollak, 183 Misc. 671; Matter of Shearn, 154 N. Y. S. 2d 485, 488; Vormbaum v. Murrow, 118 N. Y. S. 2d 341; Matter of Baker, 74 N. Y. S. 2d 8; Levine v. Farber, 81 N. Y. S. 2d 20; Matter of Matheron, 145 N. Y. S. 2d 263, 264; Shearn v. Lord, 156 N. Y. S. 2d 32, 36.) If the Supreme Court shall order the transfer of the action, this court will have full and complete jurisdiction over all parties to the action and all questions therein presented. It would be ridiculous to read section 190-a of the Civil Practice Act and related subdivision 9 of section 40 of the Surrogate’s Court Act as meaning that there is full and complete authority in the one court to transfer the action for trial and full and complete authority in the other to receive it for trial, but no power or authority to render judgment on the issues formulated therein. When an action involving this estate is transferred to this court for trial, this court has jurisdiction to administer justice in all matters relating to the affairs of this decedent and “ to try and determine all questions, legal or equitable, arising between any or all of *74 the parties to any proceeding ”. (Surrogate’s Ct. Act, § 40; emphasis added.)
It should be noted that the issues pending in the Surrogate’s Court are broader than are those in the Supreme Court action. The complaint in the Supreme Court action alleges that two of the defendants “ ostensibly acting as executors under said Will of Sidney Matz ” purported to exchange shares of Alba Corporation for certain specified assets and that “ said defendants endorsed, purportedly as executors under said Will of Sidney Matz, the certificates representing said 59 shares of stock of defendant Alba Corporation and transferred the same to said Alba Corporation ’ ’. There were three executors under the will of the testator, one of whom is now dead. At the time of the alleged transfer, there was a single trustee under the will of this testator and that trustee is now dead. The representatives of that trustee are not parties to the Supreme Court action. The accounts on file in this court by one of the surviving executors and by one representative of the deceased executor and trustee, would indicate that, contrary to the allegations of the complaint, the transfer or sale of the stock was in fact made by the now deceased trustee. This court will have complete jurisdiction over all of the accounting parties, as well as the other surviving executor, the successor trustees and the beneficiaries. It will have power to scrutinize all of the transactions of all of them. If, however, the facts established in the Supreme Court action should prove to be different from the facts alleged in the complaint, that court would not have all of the parties before it to justify it in proceeding.
The application for the consent of the Surrogate to the transfer of this action to this court is granted.
Submit order on notice accordingly.