In the Matter of the Estate of KING FAISAL II, Deceased.

Surrogate's Court, New York County, June 11, 1962.

*Harold J. Baily* for First National City Trust Company, as administrator, petitioner. *Fennelly, Douglas, Eagan, Nager & Voorhees* (*Edward P. F. Eagan* of counsel), for Republic of Iraq, respondent appearing specially. *Edwin McMahon Singer* for Al Malika Genevieve of Iraq, respondent. *Lord, Day &*

*Lord* (*Woodson D. Scott* of counsel), for Lony Arnault and another, respondents. *Lynn G. Goodnough* for Azza Feisal I, Princess of Iraq, respondent. *Nicholas P. Iannuzzi,* as special guardian for unknown distributees, respondent.

S. SAMUEL DiFALCO, S. This is an application by the administrator of the estate for the consent of this court to the transfer here of an account pending in the United States District Court for the Southern District of New York and for a consolidation of that action with the pending accounting proceeding. On March 9, 1962, the administrator filed its account in this court and the citation issued thereon was returned on April 24, 1962. In Schedule D-3 of the account it is stated that the accountant is informed that the Republic of Iraq would claim the property accounted for, and therefore a citation was duly issued and served on the Republic of Iraq. On March 9, 1962, the same day on which the account was filed in this court, an action in which the Republic of Iraq is plaintiff and the accounting administrator in this estate is defendant was filed in the office of the United States Marshal for the Southern District of New York. The complaint in that action seeks to recover the same property which the administrator is accounting for in this court. Other parties have appeared in the accounting proceeding and are making claim to the property. In disposing of this motion the court deems of no importance the question of which action or proceeding was first instituted. The contention of the Republic of Iraq that it has selected the forum in which it desires to litigate, and therefore this court may not take jurisdiction of the action now pending in the District Court is without merit. Having submitted itself to the jurisdiction of our courts by affirmatively asserting a claim, it cannot now prescribe what body of our law shall be applicable and what body of our law may not be considered in disposing of its claim. (See *National City Bank* v. *Republic of China,* 348 U. S. 356 and authorities therein cited.) That litigation involving the property of an estate should be disposed of in the Surrogate's Court where the funds of the estate are being administered is well recognized by the Supreme Court and Federal courts. (*Noll* v. *Ruprecht,* 282 N. Y. 598; *Matter of Ranft,* 268 App. Div. 136; *Sullivan* v. *Title Guar. & Trust Co.,* 167 F. 2d 393; *Matter of Matz,* 10 Misc 2d 72; *Bloomingdale* v. *Bloomingdale,* 258 App. Div. 231; *Matter of Baker,* 74 N. Y. S. 2d 8; *Matter of DeFontarce,* 66 N. Y. S. 2d 808; *Matter of Graud,* 59 N. Y. S. 2d 710.)

The court gives its consent to the transfer of the action to this court for trial in conjunction with the pending accounting proceeding.