Michael E. Sweeney, J.
This is a motion brought by the defendant for a judgment pursuant to the CPLR (3211, subd. [a], par. 8) seeking the dismissal of the cause of action asserted against the defendant on the ground that this court does not have jurisdiction of the person of defendant.
The action itself seeks to recover the sum of $17,528.62 from defendant, a Delaware corporation not authorized to do business in this State. The action is based on a written contract of employment dated December 3, 1959 and amended March 8, 1960 between the plaintiff, an attorney having his office at Hudson Falls, Washington County, New York, and the defendant. The contract of employment was executed at plaintiff’s office in Hudson Falls. The vice-president of defendant, one Robert Sheets, executed the contract on behalf of the defendant. By the terms of the contract plaintiff was to receive an agreed percentage based upon the gross amount defendant received under an assignment from one Ernest Guiles to defendant of one fourth of Guiles’ interest in a certain estate then being administered in the courts of California. The plaintiff conducted, in pursuance of his services under the contract, examinations before trial of Ernest Guiles. These examinations were held in Washington County, New York, the residence of Guiles. Defendant’s vice-president Sheets attended both examinations. From October 17, 1960 to December 30, 1963 various sums of money became due and were ordered distributed by the California court to Ernest Guiles. Plaintiff has demanded his percentage under the contract but defendant has not responded.
*722 The present action was commenced on May 4, 1964 by the personal service of a summons and complaint by a Deputy Sheriff of Kent County, State of Delaware, on one Marietta G-orsuch, assistant secretary of the United States Corporation Company, the resident agent of defendant corporation.
It is the contention of the plaintiff that this was valid and proper service under CPLR 302; that defendant was transacting business in New York, and, therefore, under this statute this court has personal jurisdiction of the defendant.
The defendant, on the other hand, contends generally that the service was invalid because defendant was not transacting sufficient business in New York and hence was not subject to personal jurisdiction. More particularly, defendant contends that since its act of retaining legal counsel in New York State occurred long before the enactment of CPLR 302, this act should be viewed in the light of the statutes in effect at that time.
CPLR 302 provides as follows:
“ § 302. Personal jurisdiction by acts of non-domiciliaries.
“ (a) Acts which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:
“ 1. transacts any business within the state ”.
This recently enacted legislation has not been passed upon by any of our appellate courts, other than to pass upon its retroactive effect (Simonson v. International Bank, 14 N Y 2d 281).
In order to substantiate his position the defendant cites many cases, all of which interpret the law as it existed under the Civil Practice Act prior to CPLR 302. The prior law provided that the defendant, in order to be subject to our jurisdiction, had to be “ doing business ” within the State. Consequently, the cases cited by defendant afford him little support. There is no question that the new legislation has expanded the jurisdiction of this State over nondomiciliaries and foreign corporations. It is also apparent to me that the present legislation does not require such contacts within the State as were necessitated under the Civil Practice Act. I believe it was the intention of the Legislature to make nondomiciliary defendants more accessible to the jurisdiction of our courts, thus affording greater protection to the residents of this State. Since there had been considerable *723 study by the New York State Legislature given to extending jurisdiction over nondomieiliaries and foreign corporations after the United States Supreme Court cases of International Shoe Co. v. Washington (326 U. S. 310) and McGee v. International Life Ins. Co. (355 U. S. 220), I believe it was intended by the enactment of this legislation to extend our jurisdiction over nondomieiliaries in line with the United States Supreme Court decisions.
In the instant case, the contract itself was executed in this State. The vice-president of defendant came into this State for that purpose. It is most reasonable to infer that the contract contemplated some contact with Ernest Guiles by plaintiff within this State. This could have been a compelling reason for engaging a Washington County attorney. The facts also show that Guiles was actually examined before trial in Washington County and that defendant’s vice-president came into this State to attend the examinations before trial. I conclude that there was sufficient contact with New York State by the defendant to give this court jurisdiction.
The defendant maintains that CPLR 302 should not be retroactively applied to the facts in this case because defendant’s act of employing the plaintiff occurred some four years prior to the enactment of this new statute. While there has been very little decisional law on the interpretation and application of this statute, this precise point has been determined by the Court of Appeals in Simonson v. International Bank (14 N Y 2d 281, supra) in the following language: ‘ ‘ CPLR 302 has retroactive effect to the extent of embracing suits instituted after its effective date but based on previously accrued causes of action.”
In the instant case the action was not started until May of 1964, which was after the enactment and effective date of CPLR 302. In addition to this, plaintiff alleges that while some of the moneys became due and payable to him prior to September 1, 1963, the effective date of CPLR 302, there were moneys that did not become due and payable until December 30, 1963. This being so, plaintiff had the privilege of waiting until his cause of action had fully accrued before instituting suit. In view of the Simonson case (supra) and the additional facts in the case indicating accrual of the cause of action after the effective date of CPLR 302,1 hereby deny the motion.