EDWARD ELMAN et al., Appellants, v. JOSEPH BELSON, Respondent.

Second Department, July 25, 1969.

*Elman & Ornstein* (*Leonard S. Elman* of counsel), for appellants.

*Dannenberg, Hazen & Lake* (*Arthur H. Miller* of counsel), for respondent.

HOPKINS, J. Plaintiffs sue to recover the reasonable value of services rendered by them as attorneys to the defendant, a domiciliary of Illinois. Service of the summons and complaint was made on the defendant in Illinois. He moved to dismiss the complaint on the ground the court lacked jurisdiction over him.

The motion essentially was based on the allegations that the defendant, as a domiciliary of Illinois, had never transacted business in New York. Admitting that his attorneys[1] in Illinois had come to New York in 1966 and retained the plaintiffs to bring an action on two judgments which he had previously procured in Illinois, the defendant nevertheless claimed that he had not entered into any negotiations with the plaintiffs incident to their retainer, that his Illinois attorneys were not agents for him, and that they were independent counsel not in his employ.

The plaintiffs in their answering papers emphasized that they had been retained in their office in New York City by the defendant's attorneys from Illinois; and they asserted that, follow-

---

1. One of the attorneys was the defendant's son.

ing their retainer, they had instituted an action on the Illinois judgments and obtained judgment in New York by default. Subsequent proceedings to collect the judgment in New York were fruitless, although, as the plaintiffs alleged, the defendant's attorneys in Illinois made several trips to New York, during which they participated in the efforts to realize on the New York judgment.

The Special Term denied the defendant's motion to dismiss the complaint, but allowed him to plead the defense of lack of jurisdiction in his answer. The plaintiffs' appeal has been limited to the portion of the order which allows the interposition of the defense.[2] They argue that on the submission of the admitted facts New York may exercise jurisdiction over the defendant for the purpose of determining the dispute between the parties and, hence, the order of the Special Term was wrong in letting the defendant raise this defense in the litigation.

The opinion of the Special Term considered that the ultimate decision on the merits and the question of jurisdiction rested on the same factual issue, i.e., whether the defendant had specifically authorized his Illinois attorneys to retain the plaintiffs (in which event he would be bound by the acts of his agents) or whether his Illinois attorneys, acting without specific authority, had forwarded the matter to the plaintiffs (in which event he would not be bound, because the Illinois attorneys were independent contractors).

There is, however, a genuine and fundamental difference between the court's power to entertain an action and the determination of the action itself. Whether the defendant became obligated to the plaintiffs as a result of his attorneys' proceedings conceivably could be decided in any forum having jurisdiction over the parties, but the preliminary question which must be resolved is whether the forum invoked by the plaintiffs to make that decision has jurisdiction over the parties (cf. *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 15 N Y 2d 443, 469; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 302.09). That preliminary question must therefore be answered now, without regard to the ultimate decision on the merits — which may or may not hinge on the existence of specific authority by the defendant to his attorneys in Illinois to retain New York counsel.

We turn, accordingly, to the reach of the court's power over the defendant. CPLR 302 (subd. [a]) provides that " as to a

---

2. The plaintiffs also cross-moved for summary judgment. That motion was denied. Their brief on this appeal seeks no relief from the denial of their cross motion.

cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary * * * who in person or through an agent: 1. transacts any business within the state ''. The test is whether the defendant has engaged in '' some purposeful activity in this State in connection with the matter in suit '' (*Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 15 N Y 2d 443, 457, *supra*). The transaction of business is not narrowed to a strict commercial sense; the execution of a separation agreement (*Kochenthal* v. *Kochenthal,* 28 A D 2d 117) and the making of a retainer for legal services (*Lewis* v. *American Archives Assn.,* 43 Misc 2d 721) are both activities within the scope of the term.

Here the defendant did not physically visit New York or personally enter into the negotiations when the plaintiffs were retained; the record does not show that he participated in the proceedings leading to the recovery of the judgment in New York or the attempts to collect the judgment. But it is hardly disputable that all of these activities were conducted for his benefit, even though he now chooses not to recognize them. His contention on this appeal lays stress not on the lack of benefit, but on the theory that the transaction of business in New York by his Illinois attorneys as independent contractors was not transaction of business by him, citing *Millner Co.* v. *Noudar, Lda.* (24 A D 2d 326).

In *Millner Co.,* the defendant, a Portugese corporation, mailed a letter to the plaintiff in New York, offering to make the latter its sole representative for the sale of its products in the United States and Canada; the letter was signed by the plaintiff and returned to Portugal. In an action between the parties the plaintiff admitted that it was an independent contractor. It was held that the act of the plaintiff under the circumstances could not create a basis for jurisdiction; but the court found jurisdiction in the presence of the defendant's officers in New York at various times in connection with the contract.

We do not think that the concept of independent contractor, developed as a test for determining the liability of a principal to a third party, is useful by itself in determining whether the principal may be sued by the third party in the selected forum. In *Millner Co.,* for example, the suit was between the independent contractor and the principal, and the court properly found that the act of the independent contractor in simply signing and returning the contract was an insufficient basis for jurisdiction. The action here is, however, between the third party contracting with the principal through the medium of the principal's attorneys.

We deal in the case at bar with a professional relationship between attorney and client, the attributes of which are not analogous to those of a commercial contract. An attorney has the implied authority to take all steps necessary in an action which he has been hired to bring (*Matter of Callahan,* 106 Misc. 202, affd. 188 App. Div. 944; 7 C. J. S., Attorney and Client, § 80) and to institute proceedings after judgment to collect it (*Larkin* v. *Frazier,* 224 N. Y. 421, 425). It is a fair inference that the defendant's primary interest centered on securing the proceeds of his Illinois judgments; and the action in New York was a means of accomplishing that goal.

The final standard for jurisdiction is reasonableness — whether the defendant is unfairly burdened by the compulsion to contest a suit in a forum outside his domicile (*International Shoe Co.* v. *Washington,* 326 U. S. 310, 317). It does not appear unfair to us, within the confines of the statute (CPLR 302, subd. [a]), to require the defendant to respond in New York to the plaintiffs for services resulting in a judgment on his behalf rendered in New York.

We do not mean to say that the defendant may not be able to show that his Illinois attorneys acted without his knowledge and consent — and perhaps even against his express direction — in retaining the plaintiffs to pursue the Illinois judgment debtor in what he believes to have been a vain and ill-considered action. All of this evidence would be properly addressed to the determination on the merits. At this stage of the litigation we merely hold that New York is a proper forum in which that determination may be made and that, as one commentator has cogently remarked, "there seems to be no valid reason why a court should become ensnared in the technical rules of agency" (McKinney's Cons. Laws of N. Y., Book 7B [Supplementary Practice Commentary, 1968, under CPLR 302 in pocket part]), in marking a just balance between the parties, when the circumstances before the court indicate purposeful activity by the defendant's attorneys in New York presumably for his benefit.

The order of Special Term should be reversed insofar as appealed from, on the law, with $10 costs and disbursements, and the defendant's motion denied absolutely, without leave to plead in his answer the defense of lack of jurisdiction of his person. The findings of fact below should be affirmed.

CHRIST, Acting P. J., BRENNAN, RABIN and MUNDER, JJ., concur.

Order reversed insofar as appealed from, on the law, with $10 costs and disbursements, and defendant's motion denied absolutely, without leave to plead in his answer the defense of lack of jurisdiction of his person. The findings of fact below are affirmed.