Paul A. Fino, Sr., J.
Defendants move to dismiss the complaint herein on the grounds that the court does not have jurisdiction over their persons and that there is another action pending between the same parties for the same causes of action in the Surrogate’s Court, Queens County, or in the alternative staying the action herein pending an application in the Surrogate’s Court, Queens County for removal of the action to that court.
This is an action by a New York attorney for legal services rendered in this State to defendant Samuel Goldhaber, as executor of the estate of Koppel G-oldhaber, deceased, to defendant Samuel Goldhaber individually, and to defendants Nancy Goldhaber Beeves and Irving Goldhaber individually. The three defendants are brothers and sister and all are domiciled in California, and were served with process in California.
Defendants contend that this court does not have jurisdiction over their persons as they were served without the State, they are nondomieiliaries, and that the causes of action alleged herein do not come within the purview of our ‘‘ long-arm ’ ’ statute (CPLB 302, subd. [a], par. 1).
The objections to jurisdiction cannot be sustained. The retainer by defendants of plaintiff for the purpose of legal representation in this State is a purposeful transaction of business within this State and the nondomiciliary defendants are thusly subject to the jurisdiction of this court by service without the State pursuant to CPLB 302 (subd. [a], par. 1) and 313. Furthermore, defendant Samuel Goldhaber in his capacity as executor certainly is transacting business within this State and for this additional reason he is subject to the jurisdiction of this court under CPLB 302 (subd. [a], par. 1) and 313 for the causes of action alleged against him as executor.
To hold to the contrary would be to hold that a New York attorney retained by a nondomiciliary to perform legal services in this State cannot enforce in the courts of this State the obligation of his client to pay for the services contracted for and rendered. Such a holding would be contrary to the purpose of our long-arm statute.
*607 The motion, insofar as it seeks to dismiss for lack of jurisdiction, must he denied.
Defendant Stanley Goldhaber shows that subsequent to the commencement of this action he commenced an application in the probate proceeding in which he is the executor, in the Surrogate’s Court, Queens County, for an order fixing the fee for legal services rendered by plaintiff to him as executor.
Subdivisions d and e of section 12 of article VI of the State Constitution and SCPA 201 vest the Surrogate’s Court with jurisdiction 11 in all matters relating to the affairs of decedents ’ ’ (subd. 3). SCPA 2110 specifically authorizes the Surrogate’s Court to fix and determine the compensation of an attorney rendered to a fiduciary in an estate proceeding.
However, this afore-mentioned jurisdiction is concurrent with the general original jurisdiction of the Supreme Court (N. Y. Const, art. VI, § 7, subd. a), which includes jurisdiction over the within causes of action, and this court, being the first to assume jurisdiction over these matters is vested with jurisdiction to the exclusion of all other courts. (Matter of Johnson, 34 N. Y. S. 2d 495, affd. 265 App. Div. 801; Wood v. Chenango County Nat. Bank & Trust Co., 282 App. Div. 283, rearg. den. 283 App. Div. 986.)
The motion, insofar as it seeks to dismiss all or any of the within causes of action on the ground of another action pending, must be denied.
It is the recognized policy of the judicial system of this State that litigation involving the property and funds of a decedent estate should be disposed of in the Surrogate’s Court where the Surrogate’s Court has jurisdiction to afford complete relief and where the Surrogate’s Court consents to accept the matter. (CPLB 325, subd. [d]; Matter of King Faisal II, 35 Misc 2d 412, 413. And see Matter of Ranft, 268 App. Div. 136.)
Accordingly a stay of the within action, only insofar as the causes of action alleged therein pertain to defendant Samuel Goldhaber in his capacity as executor, is appropriate, pending a motion in the estate proceeding in the Surrogate’s Court, Queens County, for consent to removal thereto. (CPLB 326, subd. [a].)
The motion insofar as it seeks dismissal of the complaint is denied. The motion, insofar as it seeks a stay, is granted to the extent that prosecution of those causes of action alleged against defendant Samuel Goldhaber in his capacity as executor of the estate of Koppel Goldhaber, and only of those causes of action, is stayed pending prompt application to the Surrogate’s *608 Court, Queens iCounty, for removal of those causes to that court and the outcome of that application and the motion insofar as it seeks a stay is otherwise denied.