Leonard Leigh Fine, J.
The issue presented on this motion is whether personal jurisdiction can be obtained over a nonresident defendant within the meaning and application of OCA 404, and/or within the structure of CPLR 302.
The defendant is a resort hotel in South Fallsburgh, New York, situated approximately 100 miles from the City of New York. Considering that hundreds of thousands of New York City residents vacation each year in the hotels of that area *1002 known as the “ Catskill Mountains ”, (site of the defendant hotel), it is remarkable indeed that there is not a single reported case on the subject involving the subject vacation area.
The basis of the action concerns an item of personal property owned by the plaintiff claimed to have been stolen while plaintiff was lawfully upon the premises of the defendant hotel. As such, alleges the plaintiff, a New York City resident, an action may be commenced in New York City within the structure of CCA 404, the long-arm statute.
The defendant contends, however, that this court is without personal jurisdiction over the defendant in that there is no jurisdictional basis to be found in any of the appropriate statutory sections. In support of this position, moreover, the defendant alleges that he neither conducts nor transacts any business within the City of New York and as such is out of the reach of this court’s in personam process.
Conversely, the plaintiff asserts that the defendant, a resort hotel, that advertises almost exclusively in local New York City newspapers, advertises a local New York City telephone number, advertises in the yellow pages of the New York City telephone book, and enjoys the major source of its business from New York City residents, falls within the purview of the CCA 404 (subd. [a], par. 1).
The difficult issue before the court is whether the undisputed activity of the defendant is sufficient to bring it within the aegis of CCA 404. Much has been written on this subject. Case law attempting to define the specific questions of “ doing business ”, “ physical presence ”, “ minimum contacts ”, etc., would fill the shelves of any law library. In this connection, this court has examined almost all of the case law and articles dealing with the instant subject. The broad gamut of judicial opinion extends from the earlier interpretations recorded in 1964 (Greenberg v. H.S.P. Realty Corp., 22 A D 2d 690) through the majority opinion of then Presiding Justice Gibson of the Third Department in 1967 (Bard v. Steele, 28 A D 2d 193) to one of the most recent decisions of the Court of Appeals recorded in 1971 (Parke-Bernet Galleries v. Franklyn, 26 N Y 2d 13). The range of discussion and divergence of judicial disagreement keynotes the general lack of judicial consensus in this troublesome subject which involves specific interpretations of the long-arm statute. It is the application of a more liberal present-day construction that this court elects to pursue.
Moreover, it is the finding of this court that the defendant resort hotel, which depends almost entirely upon the residents *1003 of the City of New York in order to fill its guests rolls, and which conducts itself in the manner described above, does in fact project a “ presence ” within our city. It appears further that the total activity of the defendant within New York City demonstrates an “ extensive purposeful activity here without ever actually setting foot in the ” city (Parke-Bernet Galleries v. Frankyin, supra, p. 17). (See, also, Hanson v. Denckla, 357 U. S. 235; International Shoe Co. v. Washington, 326 U. S. 310; Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443; McKee Elec. Co. v. Rauland-Borg Corp., 20 N Y 2d 377.)
When one considers the total posture of the defendant by reason of its activities within the City of New York, this court must conclude that there is a sufficient jurisdictional basis under existing law to warrant a finding of in personam jurisdiction. Accordingly, the defendant’s motion to dismiss the complaint is hereby denied.