Bertram Harnett, J.
The pocketbook and the long-arm statute, and perhaps even a boot strap, come together in this case of a New York lawyer suing an out-of-State client for a legal fee.
New York City lawyer Perlman claims client Martin, living in Maryland with his office in Washington, D. C., engaged him in negotiations for a prospective sale of Martin’s corporate stock. He complains he was never paid.
The client moves to dismiss the complaint under CPLR 3211 (subd. [a], par. 8), claiming no personal jurisdiction over him. The lawyer responds he was originally retained in 1967 and 1968 when Martin telephoned him from Washington, and that later on several occasions, when potential purchasers were located, Martin came to New York and conferred with him in his Manhattan office. Martin denies ever having traveled to New York to see the lawyer or being in his office during 1966 or 1967 and states that in any event the lawyer was retained by certain corporations involved and never represented him personally.
The jurisdictional threshold is in two parts, the first fundamental to this motion, the second requiring a hearing if the first finding is adverse to the lawyer. The lawyer’s deepest jurisdictional contention is that under the long-arm statute (CPLR 302, subd. [a], par. 1), the mere fact of being a New York lawyer engaged to perform legal services in New York is basis enough to sue a nonresident here. The court finds against the lawyer on this point. Accordingly, a factual determination must be made as to the client’s actual conduct in New York and the extent to which he has accumulated jurisdictional contacts.
CPLR 302 (subd. [a]), dealing with acts of nondomiciliaries which are the basis of jurisdiction, states in pertinent part:
‘ ‘ As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary * * * who in person or through an agent:
“ 1. transacts any business within the state;”.
The actual performance of services by the lawyer in New York does not, by itself, establish an independent basis for personal jurisdiction over defendant. Perlman cannot rely upon his own activities in New York, rather than those of his *171 alleged client, to establish jurisdiction. The authorities do not contemplate a “boot strap ” doctrine. (See Glassman v. Hyder, 23 N Y 2d 354, 362; cf. Standard Wine & Liq. Co. v. Bombay Spirits Co., 20 N Y 2d 13; McKee Elec. Co. v. Rauland-Borg Corp., 20 N Y 2d 377.)
The client himself must have engaged in purposeful activity within the State, or have done so through his agent. Although there may be personal jurisdiction under CPLE 302 (subd. [a], par. 1) over one who has never actually set foot in the State, ‘ ‘ particularly in this day of instant long-range communications ” (Parke-Bernet Galleries v. Franklyn, 26 N Y 2d 13, 17; International Shoe Co. v. Washington, 326 U. S. 310; Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443), the critical question is whether the client himself “ engaged in purposeful activity” within New York State. Telephone calls from Washington to New York for the purpose of retaining a lawyer are, by themselves, insufficient basis for jurisdiction under CPLE 302. (Ferrante Equip. Co. v. Lasker-Goldman Gorp., 26 N Y 2d 280.) Moreover, a lawyer is an independent contractor and not his client’s agent in any general sense. In the court’s view, the mere retaining of a New York attorney by a nonresident in telephone calls from out of State is not the kind of repeated, purposeful, intensive, surrogate activity which self subjects to this court’s jurisdiction. (Cf. Parke-Bernet Galleries v. Franklyn, 26 N Y 2d 13, supra; Reich v. Pines Hotel, 68 Misc 2d 1001.)
Therefore, since the claimed telephonic retainer and New York based legal services alone do not confer jurisdiction, the court must determine to what extent, if any, the client himself had requisite New York contacts. Since the affidavits of lawyer and client directly contradict each other on this point, the matter will be set down for a traverse in Special Term, Part II, of this court on May 30,1972 at 9:30 a.m., at which time the question of personal jurisdiction will be finally determined. (See Noble v. Singapore Resort Motel, 21 N Y 2d 1006.)