**Philip D. AMINS, Plaintiff,**

v.

**LIFE SUPPORT MEDICAL EQUIPMENT CORP. a/k/a Life Support Equipment Corp., Defendant.**

**No. 73 C 1022.**

United States District Court,
E. D. New York.

March 29, 1974.

Sandoe, Hopgood & Calimafde, by Stephen B. Judlowe, New York City, for plaintiff.

Butowsky, Schwenke & Devine, by Michael C. Devine, New York City, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, a New York attorney, sues for $8,000, the alleged value of services performed for defendant, a Massachusetts corporation, and for issuance to plaintiff of 2,500 shares of defendant's common stock, the value of which is in dispute. The action was commenced in Supreme Court, Queens County, and removed here by defendant. What is unusual about the case is that *both* parties attack the court's jurisdiction, or power to hear it. Defendant has moved pursuant to Rule 12(b)(2),

F.R.Civ.P., for dismissal for lack of jurisdiction over the person; plaintiff, in defending the motion, asserts that the court lacks subject-matter jurisdiction because the claims do not involve the requisite jurisdictional amount.[1]

■ The court's removal jurisdiction, 28 U.S.C. § 1441(a), is derived from that of the State court, and there can be no doubt that the New York Supreme Court has plenary subject-matter jurisdiction over what is essentially an employment contract or *quantum meruit* action. Nevertheless, removal is improper unless there is at least one claim over which this court has original subject-matter jurisdiction—in this case alleged to be based on 28 U.S.C. § 1332(a), diversity of citizenship and an amount in controversy exceeding $10,000, exclusive of interests and costs.

■ In an ordinary case of failure to allege a qualified claim, the court would dismiss without looking further; but in a removed case such as this, the distinction between personal and subject-matter jurisdiction has a substantial effect on the remedy. If the court lacks subject-matter jurisdiction only, a remand to the State court is appropriate, 28 U.S.C. § 1447(c); 1A J. Moore, Federal Practice ¶ 0.169[1] (2d ed. 1965). However, if the defect is one of personal jurisdiction, such that the defendant is not amenable to either federal or State process, dismissal is appropriate. Friedr. Zoellner (New York) Corporation v. Tex Metals Company, 396 F.2d 300 (2 Cir. 1968); 1A J. Moore, *supra* ¶¶ 0.168[4.–3], 0.169[1].

■ Plaintiff bases personal jurisdiction on the reach of New York's long-arm statutes, N.Y. CPLR §§ 301, 302, McKinney's Consol.Laws. However, in defending this motion, plaintiff has not disputed defendant's contention that § 301 is inapplicable because defendant is not "doing business" in New York with the type of regularity, permanence and continuity required. Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915 (1917). The affidavits establish that defendant's only place of business is in Woburn, Massachusetts, and that it does not transact business in New York, has never owned any New York realty, and has no subsidiaries, affiliates, or agents which regularly transact business in New York. The record is conclusive against plaintiff under § 301.

■ The existence of jurisdiction under § 302(a)(1),[2] arising out of the particular activities involved, is—not unexpectedly—a less clear question. It appears undisputed that plaintiff was retained in Massachusetts to act as patent attorney for defendant. However, a substantial amount of these services were performed by plaintiff at his office in New York, even though related to a negotiation between defendant and the 3M Company in St. Paul, Minnesota. In addition, defendant's officers made some isolated visits to New York during which they had contact with plaintiff. While these contacts were primarily business-oriented, they did not concern plaintiff's immediate responsibilities as a patent attorney, except possibly for some isolated discussions with defendant's officers in New York.[3]

---

1. Although plaintiff has not formally moved for remand, a federal court is obliged to examine into the question of its jurisdiction however it is raised. Rule 12(h)(3) F.R. Civ.P.

2. Section 302(a)(1), N.Y. CPLR, provides:
    "§ 302. Personal jurisdiction by acts of non-domiciliaries
    "(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
    "1. transacts any business within the state . . . . "

3. Defendant's affidavits reveal a total of three New York visits during plaintiff's period of employment in which one or more of defendant's officers had contact with plaintiff. On one occasion plaintiff met one of defendant's officers at defendant's booth at a New York City medical show. On two other occasions plaintiff assisted in defendant's search for an underwriter. In one

Significantly, plaintiff places greater if not exclusive reliance on his own regular performance of services within the State as the predicate of jurisdiction than he does on the sporadic travels of defendant's officers. Indeed, it is his basic contention that whenever a non-domiciliary retains a New York lawyer who performs legal services here, § 302(a)(1) is designed to confer jurisdiction over the non-domiciliary should it be necessary for the attorney to sue for his fee. As plaintiff puts it, to "force that professional to sue in a distant, inconvenient forum when he is not paid" is "unreasonable, unfair and inconsistent with the extremely liberal interpretations consistently given CPLR 302(a)."[4] Cited specifically for this proposition are Lewis v. American Archives Association, 43 Misc.2d 721, 252 N.Y.S.2d 217 (Sup.Ct.1964), and Elman v. Belson, 32 A.D.2d 422, 302 N.Y.S.2d 961 (2d Dep't 1969).

In Lewis, an early case under § 302, the contract of employment with the defendant foreign corporation was executed between plaintiff-attorney and defendant's officer at plaintiff's New York offices. Plaintiff conducted examinations before trial in New York, which an officer of defendant attended. The court, relying on these facts and the inference that the contract may have con-

templated its performance within New York, found sufficient contacts to uphold jurisdiction over defendant under § 302(a)(1).

In Elman, the plaintiffs-attorneys sued for the reasonable value of legal services rendered in New York in securing a New York judgment for the non-domiciliary defendant. Defendant sought to avoid jurisdiction on the theory that the retention of plaintiffs had been done in New York not by him but by independent counsel not in his employ. The court rejected the application of agency/independent contractor principles to a question of jurisdiction (a matter left for the merits) and concluded that the circumstances indicated "purposeful activity by the defendant's attorneys in New York, presumably for [defendant's] benefit." Id., 302 N.Y.S.2d at 965. The court thus found that under § 302(a)(1) it was not unfair to require "defendant to respond in New York to the plaintiffs for services resulting in a judgment on his behalf rendered in New York." Id.

The Lewis and Elman cases, and others cited in the margin,[5] are factually distinguishable from this case. Whatever motivated the holdings in those cases vis-a-vis the rights of New York attorneys suing for compensation, all of them reveal a purposeful resort by the

---

case, plaintiff lent his assistance and influence to a prior scheduled New York meeting between defendant's officers and a potential underwriter. In the other case, plaintiff initiated a similar New York meeting. On none of these occasions did defendant's officers discuss defendant's patent matters with plaintiff, nor does plaintiff claim any compensation on that account.

Plaintiff's affidavit reveals that plaintiff had a number of telephone discussions with defendant and others concerning the patent matters, while at his offices in Queens. Finally, plaintiff's affidavit reveals "discussions" on patent matters with defendant's officers at LaGuardia Airport and at plaintiff's offices in Queens. No elaboration is made of these discussions. Read in conjunction with defendant's affidavits, which are otherwise uncontroverted, what emerges is an isolated meeting or two, incidental to the travels of defendant's officers.

4. Plaintiff's Memorandum, pp. 5–6.

5. See also Mayer v. Goldhaber, 63 Misc.2d 605, 313 N.Y.S.2d 87 (Sup.Ct.1969) (New York attorney retained for the purpose of legal representation in connection with the probate of an estate in New York); Strasser, Spiegelberg, Fried & Frank v. Schlesinger, 53 Misc.2d 78, 278 N.Y.S.2d 427 (Sup. Ct.), aff'd, 282 N.Y.S.2d 650 (1st Dep't 1967) (New York attorney retained in New York by wife in connection with marital difficulties, attorney subsequently entered into extensive negotiations with husband's New York counsel in New York). But see Winick v. Jackson, 49 Misc.2d 1009, 268 N.Y.S. 2d 768 (1966) ("The hiring of a New York attorney by an out-of-state domiciliary to represent her in a probate proceeding pending in this state does not constitute doing business within the state within the meaning of § 302[a] 1, CPLR.").

respective defendant-clients to the protection of the laws of New York in one form or another, whether by legal proceedings here or otherwise. Where that essential element is absent—as in this case—New York courts have not hesitated to reject jurisdiction under § 302(a). Thus in Perlman v. Martin, 70 Misc.2d 169, 332 N.Y.S.2d 360 (Sup.Ct.1972), Martin's telephone call from Washington, D.C., in which he retained New York attorney Perlman in connection with a prospective sale of corporate stock, and Perlman's New York-based legal services thereafter, were held an insufficient basis for § 302(a) jurisdiction over Martin. Viewing the attorney as an independent contractor and not the "client's agent in any general sense," *id.*, 332 N.Y.S.2d at 363, the court held that "Perlman cannot rely upon his own activities in New York, rather than those of his alleged client, to establish jurisdiction. The authorities do not contemplate a 'boot strap' doctrine," *id.*, 332 N.Y.S.2d at 362. Similarly, in Law Research Service, Inc. v. Crook, 36 A.D.2d 912, 320 N.Y.S.2d 851 (1st Dep't 1971), the court rejected § 302(a) jurisdiction over a defendant Texas attorney who had retained a New York attorney to represent his client in the making of a stipulation to be used in a Texas action.

The other familiar authorities cited by plaintiff, *e.g.*, Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970), do not rescue him from the burden of demonstrating purposeful activity by this defendant within New York other than plaintiff's own performance of professional services. They are all bound to recognize that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

In this case, there was nothing about plaintiff's services which warrant a finding that defendant had purposely availed itself of the protection of the laws of New York in retaining plaintiff. As described by plaintiff himself,[6] the services dealt with patent matters and thus involved federal laws and the Patent Office located in Washington, D.C. An office in New York was not needed; plaintiff's services could have been rendered as well, if not more conveniently, from Massachusetts or another nearby State.[7] Furthermore, defendant's few New York contacts with plaintiff were substantially unrelated to the essential purpose of his employment—legal advice and services in patent matters. Those plaintiff claims were related appear, at best, exceedingly minimal.[8] Under such circumstances it can hardly be said to be unreasonable or unfair for plaintiff, who sought out and accepted in Massachusetts employment by a small Massachusetts concern, to be denied a New York forum.

In view of the foregoing, the court deems it unnecessary to consider the subject-matter jurisdictional amount question raised by plaintiff. The action is dismissed for want of personal jurisdiction over the defendant.

So ordered.

---

6. Plaintiff's Affidavit in Opposition, par. 4.

7. See defendant's letter of June 9, 1971, to plaintiff, attached as an exhibit to the petition for removal, expressing defendant's desire to obtain patent counsel located nearer to its Massachusetts offices.

8. Defendant's isolated and fleeting business contacts with plaintiff in New York, see note 3 *supra*, absent more, fall within the rationale of McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 283 N.Y.S.2d 34, 229 N.E.2d 604 (1967), where similar isolated meetings were held not to confer jurisdiction. *Compare McKee with* the substantial contacts that were the basis of § 302(a)(1) jurisdiction in Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, cert. denied, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965). *See* McLaughlin, Practice Commentaries at C302:10, N.Y. CPLR § 302 (McKinney 1972).