GEORGE REINER AND Co., INC., Appellant, v ARNOLD SCHWARTZ, Respondent.

Third Department, July 24, 1975

*Harvey M. Lifset* for appellant.

*William A. Sekellick* for respondent.

KANE, J. The sole issue on this appeal is whether Special Term was correct in dismissing plaintiff's complaint on the ground that defendant was not subject to jurisdiction under the "long-arm" statute (CPLR 302, subd [a], par 1). It is undisputed that plaintiff, a New York corporation, engaged

the services of the defendant, a nondomiciliary, to sell its line of products in the New England area. Plaintiff's present action is to recover the excess of drawings over commissions allegedly retained by defendant in violation of the terms of the agreement between them. In his affidavit defendant contends that he applied for his position in response to an advertisement which appeared in the *Boston Globe* and that he personally came to plaintiff's headquarters in Albany, New York, where he was interviewed, hired and furnished a memorandum indicating his rates of commission and other incidents of employment, but that he never resided in New York or, thereafter, performed any services in this jurisdiction in connection with his affiliation with plaintiff. Instead, he avers he maintained an office at his home in Salem, Massachusetts, and performed all of his work for plaintiff outside the State of New York. In opposition plaintiff denies none of the foregoing, but insists that defendant's entry into an employment relationship within this State fulfilled the "transacts any business" clause of CPLR 302 (subd [a], par 1). Under the circumstances presented in this case, we agree.

It is unnecessary to pass upon the question of whether the act of entering this State to execute a contract might suffice to support personal jurisdiction over a nondomiciliary defendant, since it is plain that here defendant's physical presence in Albany constituted far more than the "last act marking the formal execution of [a] contract" *(Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 457; cf. *Standard Wine & Liq. Co. v Bombay Spirits Co.,* 20 NY2d 13), it was essential for the development of any contractual relationship between the parties. Viewing defendant's activities in their entirety, it is obvious that he initiated contact with plaintiff; voluntarily entered this State with the evident desire to become one of its sales representatives; and, thereafter, accepted the very contractual obligations upon which he is now being sued. In short, he purposefully came here to secure for himself the benefits attending the right to vend plaintiff's products (cf. *Hi Fashion Wigs v Hammond Adv.,* 32 NY2d 583; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13).

The order should be reversed, on the law, without costs, and the complaint reinstated.

HERLIHY, P.J. (dissenting). The only contact of the defendant with New York State took place informally over the course of one day. Under such circumstances, even though it may be

argued that a relationship of an employer-employee existed, the defendant should not be subject to suit in this State.

The words of the Court of Appeals are applicable here. In *McKee Elec. Co. v Rauland-Borg Corp.* (20 NY2d 377, 383) the court stated: "In our enthusiasm to implement the reach of the long-arm statute (CPLR 302), we should not forget that defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters, or where they conduct substantial general business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have the barest of contact [citation omitted]."

Accordingly, we vote to affirm.

SWEENEY and REYNOLDS, JJ., concur with KANE, J.; HERLIHY, P. J., and MAIN, J., dissent and vote to affirm in an opinion by HERLIHY, P. J.

Order reversed, on the law, without costs, and complaint reinstated.