G. S. C. ASSOCIATES, INC., d/b/a Global Service Companies, Plaintiff,

v.

Patricia ROGERS, Defendant.

No. 76 C 2007.

United States District Court, E. D. New York.

April 8, 1977.

---

Fred P. Bennett, Greenlawn, N. Y., for plaintiff.

Wingate & Cullen, Brooklyn, N. Y., for defendant; Stanley J. Kuter, Brooklyn, N. Y., Friedman & Koven, Chicago, Ill., by Paul J. Cherner, Chicago, Ill., of counsel.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This case raises the oft-asked question of how many contacts are enough to sustain personal jurisdiction over a non-domiciliary defendant under the New York long-arm statute, CPLR § 302(a)(1).

Plaintiff G.S.C. Associates, Inc., d/b/a Global Service Companies, is a New York collection agency servicing clients on a nationwide basis through regional offices. On November 3, 1975 it hired defendant Patricia Rogers, a citizen of Illinois, as a "sales representative" to handle clients in the metropolitan Chicago area. In August 1976 defendant was discharged for allegedly competing with plaintiff in violation of her obligations as its employee. Plaintiff further alleges that since the discharge defendant has continued to solicit plaintiff's clients in breach of her contractual obligation to refrain from such activity for three years from the date of her discharge. On November 3, 1976 plaintiff filed this action, and on November 11 it effected service of process on defendant in Illinois in accordance with CPLR § 302. Defendant has moved to dismiss the action for lack of personal jurisdiction.

■ Before reaching the main issue, an alternative jurisdictional basis raised by plaintiff must be disposed of. This contention is that the court can assume personal jurisdiction over defendant pursuant to CPLR § 302(a)(3) because she has committed a tortious act outside the State which has caused injury within the State. Plaintiff argues that defendant's alleged diversion of business is a tortious act which occurred in Illinois but damaged plaintiff in New York. Section 302(a)(3), however, "is not satisfied by remote or consequential injuries such as lost commercial profits which occur in New York only because the plaintiff is domiciled or doing business here." *Lehigh Valley Industries, Inc. v. Birenbaum,* 527 F.2d 87, 94 (2 Cir. 1975). Here, as in most commercial tort cases, the place of the injury is deemed to be "where the critical events associated with the dis-

pute took place." *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,* 439 F.2d 428, 433 (2 Cir. 1971). Therefore, § 302(a)(3) does not apply to this action because the injury occurred in Illinois.

The principal dispute on this motion concerns CPLR § 302(a)(1), which declares that a non-domiciliary who "transacts any business within the state" is subject to personal jurisdiction in New York. The New York Court of Appeals has stated, "[t]here is no fixed standard by which to measure the minimal contacts required to sustain jurisdiction under the provisions of CPLR 302 (subd. [a], par. 1)." *McKee Electric Co. v. Rauland-Borg Corp.,* 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37, 229 N.E.2d 604, 607, (1967). Nevertheless, it has said that "defendants, as a rule, should be subject to suit where they are normally found, that is, . . . where they conduct substantial business activities. Only in a rare case should they be compelled to answer a suit in a jurisdiction with which they have only the barest of contact." *Id.* at 383, 283 N.Y.S.2d at 38, 229 N.E.2d at 607–08.

In support of her motion, defendant states that in October 1975 plaintiff's Midwest regional manager called her to indicate his interest in hiring her. At a meeting a few days later in Chicago she was interviewed and offered a position as salesperson. Later that month she attended a two-day training session in Englecliff, New Jersey, where she had further talks with plaintiff's president. Upon her return to Illinois she accepted the offer and signed a contract. She never went to New York for negotiation of the contract or for training, and she performed the contract exclusively in Illinois.

Plaintiff's president, however, alleges that defendant "was hired in New York and trained in New York." As documentary evidence he presents a copy of a bill for a round-trip airline flight in defendant's name. Unfortunately for plaintiff, the bill reveals that defendant used Newark airport in New Jersey.

■ The burden of establishing jurisdiction rests upon plaintiff, who must come

forward with definite evidentiary facts to support the propriety of the service. *Badger v. Lehigh Valley Railroad Co.,* 45 A.D.2d 601, 360 N.Y.S.2d 523 (4th Dept. 1974). Plaintiff's general comment about defendant's activities in New York does not satisfy this test, particularly in the face of defendant's detailed description of her activities in connection with her relationship with plaintiff.

 Even if defendant had participated in a brief training session in New York, that alone would not subject her to jurisdiction here. It is undisputed that the contract was executed and performed in Illinois and that plaintiff had initially contacted defendant in that State. The present case is thus distinguishable from *George Reiner & Co. v. Schwartz,* 49 A.D.2d 58, 371 N.Y.S.2d 177 (3rd Dept. 1975), in which the defendant was subject to jurisdiction because he had purposefully come into New York to be interviewed and to sign a contract for a position as an out-of-state sales representative for a New York corporation.

 Plaintiff attempts to add New York contacts to defendant by alleging that its New York office approved her clients, its New York collectors worked on some of her clients' claims, and she received her check from its New York office. Defendant counters such allegations with her contention that she was directly supervised by plaintiff's Midwest regional manager and that her contacts with plaintiff's New York office were negligible. New York courts have declined personal jurisdiction where the activities within the State were those of plaintiff rather than those of defendant. *Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 19 n. 2, 308 N.Y.S.2d 337, 341 n. 2, 256 N.E.2d 506, 509 n. 2 (1970). Such "bootstrapping" does not aid plaintiff in this case. See *Masonite Corp. v. Hellenic Lines, Ltd.,* 412 F.Supp. 434, 439 (S.D.N.Y. 1976).

"The final standard for jurisdiction is reasonableness—whether the defendant is unfairly burdened by the compulsion to contest a suit in a forum outside his domicile." *Elman v. Belson,* 32 A.D.2d 422, 426, 302 N.Y.S.2d 961, 965 (2nd Dept. 1969). Plaintiff does not contest that defendant made $800–900 per month while she worked for plaintiff and that she now is making only $400 per month from part-time work while attending graduate school full-time. It would be a considerable hardship for her to defend against this action so far from home.

Having considered all the circumstances in this case, the court must conclude that plaintiff has not shown that defendant has enough contacts with New York to sustain personal jurisdiction over her under CPLR § 302(a)(1).

Accordingly, defendant's motion to dismiss the action for lack of personal jurisdiction is hereby granted.

SO ORDERED.