**Brooks BANKER, Plaintiff–Appellant,**

· **v.**

**ESPERANZA HEALTH SYSTEMS, LTD., Hunt Health Systems, Ltd., P & G Enterprises, Inc., MHTJ Investments, Inc., Friendship Inc., Jose Mar-**

tinez Lilliard, Jose Luis Perez–Rios, Enrique Lopez Vergara, Patricia Mc-Donough, Gail Gaines, Gary Davidson and Lori Dittmar, Defendants–Appellees,

David C. Holland, Esq., Consolidated–Defendant.

No. 06–0603–cv.

United States Court of Appeals, Second Circuit.

Sept. 29, 2006.

Brooks Banker, pro se, New York, N.Y., for Plaintiff–Appellant.

Christopher J. Weber, San Antonio, TX (David C. Holland, The Law Offices of Michael Kennedy, New York, N.Y., on the brief), for Defendants–Appellees.

Present: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Brooks Banker appeals from a decision of the United States

District Court for the Southern District of New York (Mukasey, J.) granting defendants-appellees' motion to dismiss for lack of personal jurisdiction. *See Banker v. Esperanza Health Sys., Ltd.*, No. 05 Civ. 4115, 2005 WL 3077513 (S.D.N.Y. Nov. 17, 2005). We affirm the decision of the District Court as it pertains to Defendants Jose Martinez Lilliard, Jose Luis Perez–Rios, Enrique Lopez Vergara, Patricia McDonough, Gail Gaines, Gary Davidson and Lori Dittmar (collectively, the "Individual Defendants"). We, however, vacate the decision of the District Court as it pertains to Defendants Esperanza Health Systems, Ltd., Hunt Health Systems, Ltd., P & G Enterprises, Inc., MHTJ Investments, Inc., and Friendship Inc. (collectively, the "Business Defendants"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review the District Court's dismissal for lack of personal jurisdiction *de novo. See Grand River Enter. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir.2005). Where, as here, the District Court does not hold an evidentiary hearing prior to its ruling, the plaintiff need only set forth a *prima facie* case that jurisdiction exists over the non-domiciliary defendants. *Id.* At the motion to dismiss stage, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir.1993).

■ We find that Banker has alleged sufficient facts at this stage to create a *prima facie* case of jurisdiction over the Business Defendants under N.Y.C.P.L.R. § 302(a)(1). In determining personal jurisdiction under Section 302(a)(1), we look to the totality of the defendants' contacts with the forum state. *See Grand River*, 425 F.3d at 166 ("No single event or con-

tact connecting defendant to the forum state need be demonstrated; rather, the *totality of all defendant's contacts* with the forum state must indicate that the exercise of jurisdiction would be proper.") (emphasis in original). Banker's Complaint and supporting affidavit allege that the Business Defendants retained him, a New York attorney, to represent them in a civil litigation in the Southern District of New York; the Business Defendants were physically present in New York for the bench trial in that litigation, during which time they discussed the case with Banker and instructed him on how to proceed; the Business Defendants had their accountant, Gary Davidson, come to New York to consult with Banker regarding that litigation; the Business Defendants engaged in a settlement meeting in New York with the plaintiff in that litigation; and the Business Defendants communicated with Banker in New York by telephone and email during the course of the representation. Banker's claims for non-payment of legal fees for services performed in connection with that litigation has sufficient nexus to the contacts alleged. We find these contacts collectively are sufficient to establish a *prima facie* case of personal jurisdiction under Section 302(a)(1). In addition, the exercise of jurisdiction over the Business Defendants would not offend due process. See *Elman v. Belson*, 32 A.D.2d 422, 426, 302 N.Y.S.2d 961 (N.Y.App.Div.1969) (holding that it would not be unfair within the confines of Section 302(a) to require a defendant to respond in New York for non-payment of fees for legal services rendered in New York); *Flemming, Zulak & Williamson, LLP v. Dunbar*, No. 04 Civ. 421 LMM, 2004 WL 2496092, at *2 (S.D.N.Y. Nov. 5, 2004) ("The retention of an attorney in New York also constitutes 'purposeful activity' sufficient to satisfy principles of due process."). Accordingly, we vacate the decision of the District

Court dismissing the Business Defendants for lack of personal jurisdiction, and remand to the District Court to address the other bases for dismissal raised by the Business Defendants in their moving papers.

 With regard to the Individual Defendants, however, we find that Banker has failed to allege sufficient facts to create a *prima facie* case of personal jurisdiction under N.Y.C.P.L.R. § 302(a)(3). We agree with the District Court that Banker has failed to allege an injury in New York as contemplated by Section 302(a)(3). For purposes of personal jurisdiction under Section 302(a)(3), courts "apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 209 (2d Cir.2001) (internal quotation marks and citation omitted). The situs of the injury "is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* Banker's Complaint alleges a fraudulent scheme undertaken by the Individual Defendants to deprive Banker of payment for his legal services. As the District Court correctly found, "the situs of Banker's injury is where the Individual Defendants devised and carried out their alleged plan to deprive him of payment for his services, which according to Banker's complaint was in Texas and California." *Banker,* 2005 WL 3077513, at *8. Accordingly, we affirm the District Court's decision to dismiss Banker's claims against the Individual Defendants for lack of personal jurisdiction.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**