Oparaji v Malcolm Constr. LLC (2023 NY Slip Op 50116(U))

[*1]

Oparaji v Malcolm Constr. LLC

2023 NY Slip Op 50116(U)

Decided on February 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570539/22
Maurice Oparaji, Plaintiff-Appellant, 
against
Malcolm Construction LLC and Fitz Malcolm, Defendants-Respondents.

Plaintiff, as limited by his brief, appeals from 1) an order of the Civil Court of the City of New York, New York County (Judy H. Kim, J.), entered June 15, 2020, which denied his cross motion to strike defendants' answer and granted defendants' motion to dismiss the action, and 2) an order (same court and Judge), entered October 19, 2021, which denied his motion for leave to renew and reargue the aforesaid order.

Per Curiam.
Order (Judy H. Kim, J.), entered June 15, 2020, affirmed, without costs. Order (Judy H. Kim, J.), entered October 19, 2021, affirmed as to renewal, and otherwise dismissed, without costs, as nonappealable.
Civil Court properly dismissed the complaint based on plaintiff's failure to establish that defendants had transacted business within the City of New York, so as to subject them to jurisdiction under Civil Court's long-arm statute (see CCA 404[a][1]). Specifically, plaintiff failed to show that the New Jersey-domiciled defendants, a construction company and its principal, engaged in any purposeful activity within New York City in relation to the contract to renovate plaintiff's New Jersey residence (see Francis v Hogan, 55 Misc 3d 138[A], 2017 NY Slip Op 50538[U] [App Term, 1st Dept 2017]; Rodriguez v Universal Prod. Concepts, Inc., 33 Misc 3d 139[A], 2011 NY Slip Op 52106[U] [App Term, 1st Dept 2011]). Although plaintiff alleges that the underlying contract was signed in New York City, this "last act marking the formal execution of the contract" (George Reiner & Co. v Schwartz, 49 AD2d 58, 59 [1975], affd 41 NY2d 648 [1977], quoting Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 457 [1965], cert denied 382 US 905 [1965]), was insufficient to confer jurisdiction, where the contract involved performance outside of New York City and there was no indication the contract was negotiated here (see Presidential Realty Corp. v Michael Sq. W., 44 NY2d 672 [1978]; Wilson v Dantas, 128 AD3d 176, 183-184 [2015], affd 29 NY3d 1051 [2017]; Abbate v Abbate, 82 AD2d 368, 384 [1981]; Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C302:6).
Civil Court providently exercised its discretion in denying renewal, as plaintiff raised no new facts that would have changed the outcome of the prior order, and did not provide a reasonable excuse for failing to present those facts in his initial submission (see CPLR 2221[e]; Wade v Giacobbe, 176 AD3d 641 [2019], lv dismissed 35 NY3d 937 [2020]). In any event, the new fact asserted in the renewal motion, i.e. that defendants maintained an office in Syracuse, New York, even if true, is not a basis for long-arm jurisdiction in the Civil Court of the City of New York (see CCA 404[a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2023